Pedro E. SANCHEZ TAPIA, Plaintiff,

v.

UNITED STATES of America, Robert A. Cooper, or his Estate, et als., A. Cecil Snyder, or his Estate, Benicio Sanchez Castano, Lulu Donahue, Mary Aguayo, Defendants.

United States District Court
S. D. New York.
Feb. 17, 1964.

Pedro E. Sanchez Tapia, pro se.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, Stephen Charnas, New York City, of counsel, for defendant United States of America.

McLEAN, District Judge.

This is a motion by defendant United States, under Rule 12(b) (1), to dismiss the complaint on the ground that this court lacks jurisdiction over the subject matter. The original complaint is entitled "Coram Bovis or Coram Nobis— Action to Set Aside and Annul Judgment and for Damages for Deceit." It sets forth a "First Cause of Action" which asks only that a judgment be set aside and makes no mention of damages. At the time the motion was argued plaintiff submitted an additional eight pages entitled "Second Cause of Action," which does ask for damages. The United States asserts in a supplemental brief that this court has no jurisdiction over this second claim and that it is time barred.

In his first cause of action, plaintiff alleges that in December 1941 he was convicted of a crime in the United States District Court for the District of Puerto Rico and that he has served the sentence imposed for that crime. From the opinion affirming that conviction, Sanchez v. United States, 134 F.2d 279 (1st Cir. 1943), cert. denied, 319 U.S. 768, 63 S.Ct. 1325, 87 L.Ed. 1717 (1943), it appears that plaintiff was convicted of soliciting unlawful fees from a veteran and making a false affidavit in regard to the veteran's application for a pension. Plaintiff alleges that this conviction was obtained through the fraud of many individuals, including the United States District Attorney, the counsel who defended plaintiff in that action, and the United States District Judge, all of whom are also named as defendants. Plaintiff asks that this court set aside and declare null and void the judgment of the Puerto Rican District Court.

The United States contends that this court has no jurisdiction over this action because plaintiff's exclusive remedy is by a coram nobis proceeding and that such a proceeding should be brought before the court which imposed sentence. This contention is correct.

It was settled in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), that a defendant convicted in a federal court can attack the "validity and regularity" of the judgment of conviction in a coram nobis proceeding, even though he is no longer in custody pursuant to sentence imposed under that judgment. This is true despite Rule 60(b) which abolishes the writ of coram nobis because the Rule applies only to civil actions. The coram nobis proceeding complements the remedy pro-

vided in 28 U.S.C. § 2255 for a prisoner who is in custody to attack collaterally the judgment of conviction.

It has been judicially determined in respect to the coram nobis proceeding, as is legislatively prescribed for a motion under 28 U.S.C. § 2255, that it should be brought "before the sentencing court in the district where the records and government officials involved are located." United States ex rel. Lavelle v. Fay, 205 F.2d 294 (2d Cir. 1953); Madigan v. Wells, 224 F.2d 577 (9th Cir. 1955), cert. denied, 351 U.S. 911, 76 S.Ct. 700, 100 L.Ed. 1446 (1956).

Plaintiff cites no authority which would indicate that the federal courts have ever entertained an independent action such as this to obtain relief from a federal criminal judgment. Traditionally, equity has afforded no relief from criminal judgments. See In re Sawyer, 124 U.S. 200, 8 S.Ct. 482, 31 L.Ed. 402 (1888); 7 Moore, Federal Practice, §§ 60.36, 60.37 (2d Ed. 1955).

In United States v. Spadafora, 207 F.2d 291 (7th Cir. 1953), it was held that no independent action to vacate a criminal judgment could be based on the provisions of 28 U.S.C. § 1651(a), the "all writs" section, or on Fed.R.Civ.P. 60(b).

It follows that this court does not have jurisdiction of the first cause of action in the complaint. Plaintiff's remedy is to begin a coram nobis proceeding in the United States District Court for the District of Puerto Rico, which does have jurisdiction of such a proceeding. Whether a coram nobis proceeding is now barred by laches after such a long lapse of time is a question for that court to decide. I express no opinion upon it.

■ Plaintiff's second cause of action seeks recovery of $2,000,000 in damages from the United States for "fraud, deceit, and false representations" by various governmental officials in securing the judgment against plaintiff. Apart from the Tort Claims Act, there is no possible basis on which plaintiff could maintain this action against the United States without its consent. The Act does not permit actions against the United States for malicious prosecution, misrepresentation, or deceit. 28 U.S.C. § 2680(h).

■ Furthermore, all claims under the Tort Claims Act are subject to a two-year statute of limitations. 28 U.S. C. § 2401(b).

Since the allegedly fraudulent acts of which plaintiff complains occurred more than twenty years ago any claim for damages which he might have had against the United States is now time barred. The second cause of action must therefore also be dismissed.

The motion is granted. The complaint is dismissed as against defendant United States, without prejudice to plaintiff's right to begin a coram nobis proceeding in the United States District Court for the District of Puerto Rico.

So ordered.