338 F.2d 416
 Pedro E. SANCHEZ TAPIA, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
Robert A. Cooper, or his estate, et al., A. Cecil Snyder or
his estate,Benifio Sanchez Castano, Lulu Donahue,
Mary Aguayo, Defendants.
 No. 77, Docket 28903.
 United States Court of Appeals Second Circuit.
 Argued Oct. 16, 1964.
Decided Nov. 16, 1964.
 
 Pedro E. Sanchez Tapia, pro se.
 Robert E. Morgenthau, U.S. Atty., Southern Dist. of New York (Stephen Charnas, Dawnald Henderson, Asst. U.S. Attys., of counsel), for appellee.
 Before WATERMAN, MOORE and SMITH, Circuit Judges.
 PER CURIAM:
 
 
 1
 On the ground that the conviction was procured fraudulently, appellant brought suit in the United States District Court for the Southern District of New York to annul a judgment of conviction entered against him in 1941 in the United States District Court for the District of Puerto Rico. Appellant also in this suit sought to obtain damages in tort for 'fraud, deceit and false representations.' He named several individual defendants, but process was served only upon the United States. The government moved to dismiss the suit under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of jurisdiction over the subject matter. The motion was granted. The court's opinion is reported at 227 F.Supp. 35. We affirm.
 
 
 2
 Appellant was convicted and sentenced in the United States District Court for the District of Puerto Rico. Only that court has jurisdiction to entertain appellant's action to annul his conviction, and we concur with the court below that the grant of summary judgment should be without prejudice so that, if so advised, appellant can begin a coram nobis proceeding in Puerto Rico.
 
 
 3
 As to appellant's tort claim against the government, the district court properly held that it had no jurisdiction under 28 U.S.C. 1346(b) et seq., for the Federal Tort Claims Act does not apply to 'any claim arising out of * * * false imprisonment, false arrest, malicious prosecution, abuse of process * * * misrepresentation, deceit * * *.' 28 U.S.C. 2680(h). Nor could the court have taken jurisdiction on any other basis, Dalehite v. United States, 346 U.S. 15, 30-31, 73 S.Ct. 956, 97 L.Ed. 1427 (1953).
 
 
 4
 We find it unnecessary to consider the alternative ground of dismissal, that of time bar, relied upon by the district court, 227 F.Supp. 35, 37.
 
 
 5
 Affirmed.