**Frank SANNO, Plaintiff,**

v.

**Peter PREISER, Commissioner, Department of Corrections, et al.,
Defendants.**

**No. 74 Civil 4163.**

United States District Court,
S. D. New York.

May 20, 1975.

Frank Sanno, pro se.

Louis J. Lefkowitz, Atty. Gen., New York City, for defendants; Ralph L. McMurry, Asst. Atty. Gen., of counsel.

OPINION

EDWARD WEINFELD, District Judge.

Plaintiff Frank Sanno, presently confined in the Eastern New York Cor-

rectional Facility at Napanoch, brings this civil rights action, under 42 U.S.C., section 1983, pro se, alleging that he has been denied participation in the "work release"[1] and "furlough"[2] program of the State's correctional institutions in violation of the equal protection clause of the Fourteenth Amendment of the Constitution. He names as defendants the Commissioner of the Department of Correctional Services, the Director of Community Services, the Superintendent of the Eastern Correctional Facility, and three members of the Temporary Release Committee at the Eastern Correctional Facility. The matter now before the court is defendants' motion for judgment on the pleadings or summary judgment, pursuant to Rules 12(c) and 56 of the Federal Rules of Civil Procedure, respectively.

■ Plaintiff is incarcerated pursuant to a judgment of conviction entered in the Supreme Court of the State of New York on November 15, 1971, on his guilty plea to second degree rape. After being denied furlough on several occasions, plaintiff was allowed to participate in the furlough program for seven days from July 3, 1974 to July 9, 1974. His application for the work release program was approved by the Temporary Release Committee, but denied on review by the Director of Community Services on July 24, 1974. On August 2, 1974 his request for a second furlough was denied on the grounds that it was too soon after his first furlough. Another furlough request was approved by the Temporary Release Committee, but denied on October 17, 1974, on review by the Director of Community Services. The Director's disapproval of plaintiff's work release request on July 24, 1974 and his furlough request on October 17, 1974, was based on considerations of public safety, finding plaintiff a poor risk in view of the vicious nature of his offense, his extensive prior criminal record, his use of drugs in the past, and his pattern of poor community adjustment. Consideration of public safety as a factor in evaluating temporary release applications is mandated by the statute[3] and rules and regulations promulgated pursuant thereto.[4] The experience of the Department of Corrections and its interpretation of the results of other states' experience with temporary release programs has led it to conclude that the interest of community safety requires strict controls over inmate participation in these temporary release programs. Thus on August 27, 1974, a special review procedure was established for certain classes of offenders, following which plaintiff's request for furlough was denied on October 17, 1974.

■ Plaintiff does not deny that the decisions preventing him from further participation in temporary release programs were in accordance with applicable rules and procedures and were in fact for the reasons given at the time of the denials. He does not allege that the decisions were the result of imper-

---

1. "'Work release program' means a program under which eligible inmates may be granted the privilege of leaving the premises of an institution for a period not exceeding fourteen hours in any day for the purpose of on-the-job training or employment, or for any matter necessary to the furtherance of any such purposes." N.Y. Correction Law § 851 (3) (McKinney 1968).

2. "'Furlough program' means a program under which eligible inmates may be granted the privilege of leaving the premises of an institution for a period not exceeding seven days for the purpose of seeking employment, maintaining family ties, solving family problems, attending a short-term educational or vocational training course, or for any matter necessary to the furtherance of any such purposes." N.Y. Correction Law § 851(4) (McKinney 1968).

3. N.Y. Correction Law § 853(4).

4. N.Y. Correction Law § 852(1).

missible factors or invidious discrimination. Instead, he alleges that he has been deprived of equal protection because other inmates convicted of violent crimes are permitted to participate in these programs and because prisoners approved for work release programs before new review procedures were promulgated have been allowed to continue in the programs. He also alleges what is essentially a due process claim, namely, that defendants have abused their discretion and acted arbitrarily and capriciously towards him.

The undisputed facts require a finding that plaintiff has not been denied a constitutionally protected right. The factors upon which the denials of plaintiff's applications were based accorded with state procedures and were for reasons articulated by the decision-maker [5] and reflect clearly rational criteria for the State to use in administering its temporary release programs. Indeed, plaintiff concedes the reasonableness of these criteria.

Plaintiff's allegations amount to a claim that the decisions were erroneous or ill-founded, but this does not constitute the infringement of a constitutionally protected right.[6]

"The Constitution does not assure uniformity of decisions or immunity from merely erroneous action, whether by the courts or the executive agencies of a state." [7]

Plaintiff's catchall allegations of arbitrariness and unequal treatment cannot defeat summary judgment where the decisions he complains of were made on a rational, not arbitrary, basis.[8] The denials of petitioner's applications, based upon rational criteria and applied to facts personal to plaintiff, reflect a considered and reasoned exercise of administrative discretion; in any event, they do not rise to the level of constitutional infirmities.

Plaintiff's motion pursuant to 28 U.S.C. section 1915(d) to have counsel appointed is denied. The court finds in the exercise of its discretion [9] that counsel should not be appointed given the lack of merit to plaintiff's complaint.[10]

Defendants' motion for summary judgment is granted.

---

5. *See* United States ex rel. Johnson v. New York, 500 F.2d 925 (2d Cir.), vacated as moot, 419 U.S. 1015, 95 S.Ct. 488, 42 L.Ed. 2d 289 (1974).

6. Palmigiano v. Mullen, 491 F.2d 978, 980 (1st Cir. 1974).

7. Snowden v. Hughes, 321 U.S. 1, 15, 64 S.Ct. 397, 404, 88 L.Ed. 497 (1944) (Frankfurter, J., concurring).

8. Wishart v. McDonald, 500 F.2d 1110, 1115 (1st Cir. 1974); Palmigiano v. Mullen, 491 F.2d 978, 980 (1st Cir. 1974).

9. Ehrlich v. Van Epps, 428 F.2d 363 (7th Cir. 1970); Bethea v. Crouse, 417 F.2d 504, 505 (10th Cir. 1969); Desmond v. United States Board of Parole, 397 F.2d 386, 391 (1st Cir.), cert. denied, 393 U.S. 919, 89 S.Ct. 249, 21 L.Ed.2d 206 (1968).

10. Miller v. Pleasure, 296 F.2d 283 (2d Cir. 1961), cert. denied, 370 U.S. 964, 82 S.Ct. 1592, 8 L.Ed.2d 830 (1962).