Veronica STENSON et al., Plaintiffs,

v.

STATE OF NEW YORK et al., Defendants.

No. 75 Civil 2285.

United States District Court, S. D. New York.

Nov. 1, 1976.

---

Division of the New York State Department of Labor, and the Director of the Unemployment Insurance Division. The plaintiffs were formerly employed in New York. After they were discharged by their employers they applied for unemployment benefits in New York but were denied benefits on the ground that they were not available for work.[1] In each case the denial of benefits was upheld upon an administrative appeal after a hearing.[2] Although the plaintiffs had a remedy by appeal to the New York State courts they chose not to appeal but instead instituted this action.[3] They claim that the determination that they were not available for work denied them equal protection of the laws because it was "contrary to the evidence presented" by them at their hearings and was the result of discrimination against New Jersey residents in favor of New York residents. The defendants have moved to dismiss the amended complaint for lack of jurisdiction and for failure to state a claim.[4]

 Even assuming that New York State is required by the constitutional guarantee of equal protection of the laws to extend its unemployment compensation benefits to nonresidents equally with residents,[5] the complaint sets forth no more than an allegedly erroneous determination of a factual question controlled entirely by state law. The documents attached to the complaint establish that the denial of unemployment benefits was factually based on the ground that plaintiffs had not been actively engaged in seeking employment or had refused suitable employment. Plaintiffs have failed to allege facts to show that those determinations were in any way invidiously discriminatory. A mere erroneous determination by a state agency charged with the enforcement of state law does not

Leon S. Wolk, Fort Lee, N. J., for plaintiffs; Harold Krieger, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen. of N. Y., New York City, for defendants; Judith A. Gordon, Asst. Atty. Gen., New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

This suit under the Civil Rights Act, 42 U.S.C., section 1981 et seq., is brought by residents of New Jersey against the State of New York, the Unemployment Insurance

1. *See* N.Y. Labor Law § 591(2) (McKinney 1965).

2. *See* N.Y. Labor Law §§ 620–22 (McKinney 1965).

3. *See* N.Y. Labor Law § 624 (McKinney 1965). It appears that one plaintiff did appeal to the state court but her appeal was dismissed for lack of prosecution. Def. Brief at 14 n.*.

4. The complaint is purportedly brought as a class action on behalf of all others similarly situated, but no motion for certification of a class has been made.

5. *But see Galvan v. Catherwood*, 324 F.Supp. 1016, 1019 (S.D.N.Y.1971) (dictum).

present a substantial federal question;[6] nor do the conclusory allegations of discrimination on the basis of plaintiffs' residence in New Jersey suffice to state a claim under the Civil Rights Act.[7] Thus, the complaint must be dismissed for failure to state a claim.[8]

---

**6.** *Powell v. Workmen's Compensation Board,* 327 F.2d 131, 138 (2d Cir. 1964); *see Snowden v. Hughes,* 321 U.S. 1, 15, 64 S.Ct. 397, 88 L.Ed. 497 (1944) (Frankfurter, J., concurring) ("The Constitution does not assure uniformity of decisions or immunity from merely erroneous action, whether by the courts or the executive agencies of a state."); *Sanno v. Preiser,* 397 F.Supp. 560, 562 (S.D.N.Y.1975).

**7.** *Fine v. City of New York,* 529 F.2d 70, 73 (2d Cir. 1975); *Powell v. Jarvis,* 460 F.2d 551, 553 (2d Cir. 1972); *Birnbaum v. Trussell,* 347 F.2d 86, 90 (2d Cir. 1965); *Powell v. Workmen's Compensation Board,* 327 F.2d 131, 137 (2d Cir. 1964); *Harris v. Ward,* 418 F.Supp. 660, 661 (S.D.N.Y.1976).

**8.** In addition, the State of New York is immune from suit, U.S.Const. Amend. XI; *Johnson v.*

*Rockefeller,* 58 F.R.D. 42, 46 (S.D.N.Y.1973), and is not a "person" within the meaning of 42 U.S.C. § 1983. *Zuckerman v. Appellate Division,* 421 F.2d 625, 626 (2d Cir. 1970); *Sams v. New York State Board of Parole,* 352 F.Supp. 296, 298–99 (S.D.N.Y.1972). The Director of the Unemployment Insurance Division is named only in the caption of the complaint and is not alleged to have personally violated the plaintiffs' rights in any way; the complaint therefore fails to state a claim against him. *Williams v. Vincent,* 508 F.2d 541, 546 (2d Cir. 1974); *Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974); *Johnson v. Glick,* 481 F.2d 1028, 1033–34 (2d Cir.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 32 (1973). *Cf. Rizzo v. Goode,* 423 U.S. 362, 373–77, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).