■ In the Matter of CARMINE CICULLI, Petitioner, v PHILIP TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated March 9, 1976 and made after a statutory fair hearing, which affirmed a determination of the local agency to deny petitioner's application for medical assistance. Determination annulled, on the law, without costs or disbursements, and petition granted to the extent that respondents are directed to grant petitioner's application for medical assistance, and matter remanded to the New York State Department of Social Services for further proceedings consistent herewith. Petitioner's application for "castastrophic illness" relief should have been granted. Therefore the matter has been remanded to the respondent State Department of Social Services for a computation of the extent of the reimbursement owed to the petitioner. It appears that, under section 366 (subd 2, par [c]) of the Social Services Law, petitioner qualifies for payment of a portion of the $9,910.25 hospital bill incurred by him. That section provides that medical assistance shall be given in the event of catastrophic illness to persons not otherwise

eligible for medical assistance for that portion of the cost of inpatient care which is in excess of either 25% of the applicant's annual net income or that amount of the applicant's "annual net income in excess of the applicable cash public assistance eligibility level, whichever is less." The petitioner was hospitalized for heart surgery at Mid Island Hospital for 26 days. The total hospital bill incurred for his treatment amounted to $9,910.25. He was billed at the hospital's private patient rate. A portion of that bill, in the amount of $5,687.40, was absorbed by petitioner's own health insurance policy. However, a balance of $4,222.85 remained. The petitioner applied for public medical assistance during his hospitalization. The local agency denied his application. That determination was affirmed after a fair hearing. The decision after the fair hearing set forth the basis of the determination as follows: "At the agency's per diem rate obligation of 149.63, the agency's obligation would have been $3,890.38 for twenty-six days. Inasmuch as appellant's private insurance paid the hospital $5,687.40, the agency, in accordance with Section 360.9(a)(1) of the Regulations is relieved from liability for any part of the hospital bill." Consequently, the respondents have refused any payment on the ground that the petitioner's medical insurance has provided for payment of $5,687.40 toward the $9,910.25 bill, which amount exceeded the maximum obligation of $3,890.38 which the agency would have provided to the hospital. This reasoning is arbitrary and in total contravention of both section 366 (subd 2, par [c]) of the Social Services Law and respondents' own regulations (see 18 NYCRR 360.31). The statute expressly requires the agency to pay a "portion" of the $9,910.25 hospital bill "after" the application, *inter alia,* of the petitioner's medical insurance. The portion of the remainder of the bill is then calculated according to the terms of the statute. A low reimbursement rate cannot defeat the intent of the statute to assist persons who have incurred catastrophic medical expenses (cf. *Matter of Watkins v Toia,* 57 AD2d 628, 629). Moreover, the petitioner's precautionary measure of obtaining private medical insurance cannot be used to preclude public assistance where such assistance is deserved. Such a tactic would defeat and discourage self-help measures. We are mindful of the fact that the respondents are limited by section 2807 of the Public Health Law to reimbursement rates approved by the State Director of the Budget, and it is not disputed that the maximum allowable reimbursement to appellant is $3,890.38. In computing the amount of medical assistance to be granted to petitioner, all of the factors set forth above should be taken into consideration. Martuscello, J. P., Suozzi, Rabin and Hawkins, JJ., concur.