OPINION OF THE COURT
Memorandum.
Judgment affirmed, with costs. Section 366 of the Social Services Law precipitates a conundrum, like some ancient riddle, to which no one, including the parties, can offer a satisfactory logical resolution. This much is evident, however: Under the applicable formula of paragraph (c) of subdivision 2 petitioner is entitled to Medicaid reimbursement for medical costs in excess of $838.56, the formula amount by which his annualized income exceeds the Medicaid eligibility level. It is noted, also, that the commissioner presents no persuasive authority to support his contention that Medicaid payments to the provider hospital may not be supplemented from the patient’s own funds (see People v Woman's Christian Assn. of Jamestown, 44 NY2d 466, 472). Thus, depending on the terms and conditions obtainable from the hospital, the County Department of Social Services may be liable to reimburse the hospital for $482.32, in addition to payments, if any, made by petitioner. The computation itself, which may depend on what reimbursement the hospital, not a party to this proceeding, is willing to accept, must be left to the commissioner.
It is noted, too, that elimination of the conundrum requires solution by legislation or rulemaking, if authorized by existing statutes. The courts cannot fill a gap created by an irrational conundrum, but the minimal resolution required in this case, to accommodate to the manifested legislative intent, requires payment of at least part of a needy patient’s medical needs. Moreover, if the agency’s purpose is to control the rates charged by providers a more direct form of regulation is *776 required (see People v Woman’s Christian Assn. of Jamestown, 44 NY2d 466, 472-473, supra).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in a memorandum.
Judgment affirmed.