Warren William BOHN, Plaintiff,

v.

STATE OF NEW YORK et
al., Defendants.

No. 78 Civ. 1387 (CHT).

United States District Court,
S. D. New York.

Jan. 30, 1979.

Warren William Bohn, pro se.

Louis J. Lefkowitz, Atty. Gen. of the
State of New York, New York City, for
defendants; Barry R. Fertel, Deputy Asst.
Atty. Gen., New York City, of counsel.

OPINION

TENNEY, District Judge.

The plaintiff pro se, Warren William
Bohn, purports to state a claim under 42
U.S.C. § 1983; two defendants, the State of
New York and the City of New York,[1] have
moved pursuant to Rule 12(b)(6) of the Fed-
eral Rules of Civil Procedure ("Rules") to
dismiss that claim.[2] For the following rea-
sons the motion is granted. The ground for
dismissal, however, is lack of subject matter
jurisdiction in this Court. *See* Rule
12(b)(1).

From the scant record available, the
facts—taking them as true for the purposes
of this motion to dismiss—are as follows:
In 1955 the plaintiff was arrested for a
New York State Vehicle and Traffic Law
offense. He was then just under twenty

1. By Memorandum and Order of this Court
dated June 14, 1978, the complaint in this ac-
tion was amended by request of the plaintiff,
and "Mr. Gary E. Schreivogl, Director of I.D. at
DCJS Albany N.Y." and the Mayor of New
York City were added as defendants. It does
not appear from the Court's records that either
of these persons was ever served by the plain-
tiff, despite the Court's admonition that "[t]he

plaintiff should take all necessary steps to
serve these added defendants under the appli-
cable statutes and rules." Memorandum at 2.

2. This is the second motion to dismiss in this
action; the first, also predicated on Rule
12(b)(6), was on an entirely different theory
and is deemed moot. *See* text, *infra.*

years of age. He was jailed and found guilty, and was sentenced to a $50.00 fine or thirty days in jail, all without benefit of counsel and all the while prevented from communicating with his parents. He served one week of the sentence. His parents finally located him and paid the fine to secure his release. Now, some twenty-three years later, the plaintiff is apparently a prisoner serving a twenty-five year sentence for murder in Florida.[3] Complaint, Exhibit B. For no articulated reason other than an allusion to the discrimination in employment which might result from the besmirching of his record with this earlier arrest, the plaintiff has sued to have the 1955 judgment and sentence vacated and the arrest record expunged.[4]

Indeed, the plaintiff has sued twice for the same relief. Exhibit B to the complaint appears to be an unofficial copy of a Memorandum and Order (No. 436382) issued by the Supreme Court of the State of New York, County of New York (Leff, J.) denying the vacatur of this judgment. The denial is summary and without explanation, other than to state that the application is "without merit."[5] What the exhibit reveals to this Court, however, is that the plaintiff correctly applied to the sentencing court for vacatur, employing the New York procedural counterpart of the ancient writ of coram nobis. See N.Y.C.P.L. §§ 440.10 & 440.30. Coram nobis, in both state and federal courts, is the proper way to attack the constitutionality of a conviction where the sentence has been completely served. United States v. Forlano, 319 F.2d 617, 618 & n.1 (2d Cir. 1963). However, it is well established that such a petition must be made before the court of conviction and sentence and that no other court has jurisdiction to hear it. Sanchez Tapia v. United States, 338 F.2d 416 (2d Cir. 1964) (per curiam), cert. denied, 380 U.S. 957, 85 S.Ct. 1096, 13 L.Ed.2d 974 (1965). It follows, therefore, that it will not do to label an action a "civil rights" complaint, as does this plaintiff, in order to avoid the trial court's denial of a coram nobis petition, and this must be true whether or not such petition for vacatur is based on the alleged deprivation of constitutional rights.

This Court is unable to locate any case directly on point; however, the best analogy to be drawn is from precedential treatment of other prisoner complaints alleging civil rights violations. In Preiser

3. The Court has no independent knowledge of this fact, beyond the tacit endorsement of its truth represented by the plaintiff's attachment to his complaint of a decision of the Supreme Court of the State of New York, County of New York, which alludes to this conviction and incarceration. Likewise, the Court has no knowledge of the date on which the Florida sentence was imposed or commenced, or when the plaintiff will be released.

4. The plaintiff relies on Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), which has been held fully retrospective in application. See Pickelsimer v. Wainwright, 375 U.S. 2, 84 S.Ct. 80, 11 L.Ed.2d 41 (1963). However, the plaintiff does not allege that the fact of this 1955 conviction, ostensibly void for lack of counsel or knowing waiver thereof, redounded in any way to his detriment in his current legal difficulties. Cf. Loper v. Beto, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972) (use of prior conviction void under Gideon impermissible for impeachment purposes at later trial for different offense); United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) (use of tainted conviction as part of sentencing data impermissible where punish-

ment on new offense would be enhanced). The general rule on a petition for vacation of judgment on a sentence already served is that it is a form of "extraordinary relief which . . . empower[s] the court to correct fundamental errors of fact under compelling circumstances in order to achieve justice." McDonald v. United States, 356 F.2d 980, 981 (10th Cir.), cert. denied, 385 U.S. 936, 87 S.Ct. 298, 17 L.Ed.2d 216 (1966).

5. However, the plaintiff has also appended as Exhibit "A" to his complaint a copy of a memorandum by the People in opposition to his state petition, the substance of which is that the plaintiff was represented by counsel (who is named) in "multiple" appearances before the courts of New York State from June 24, 1954 through January 26, 1956, which is the period that includes the incident of which the plaintiff now complains. The People's position in this memorandum was that the plaintiff's failure on any one occasion to obtain counsel was, in view of his history of repeated representation by the same counsel, a conscious waiver on his part.

*v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the Supreme Court determined that habeas corpus—not section 1983—was the exclusive remedy for a prisoner challenging the "fact or duration" of his imprisonment. The rationale supporting this decision is to

> avoid the unnecessary friction between the federal and state court systems that would result if a lower federal court upset a state court conviction without first giving the state court system an opportunity to correct its own constitutional errors.

*Id.* at 490, 93 S.Ct. at 1836. That policy applies with equal force to the requirement that the court of conviction and sentence review a petition to vacate judgment, for in such proceedings the exprisoner is likewise challenging the "fact" of his former imprisonment. Therefore, the civil rights law cannot be a substitute for coram nobis, any more than it is for habeas corpus. Moreover, when a state coram nobis petition has been turned away at the trial level, the only remedy is appeal in the state system, for neither does the civil rights law permit "a second bite at the cherry" in federal court. *Lackawanna Police Benevolent Ass'n v. Balen*, 446 F.2d 52, 53 (2d Cir. 1971).

Because the Court's theory of dismissal departs from that of the defendants on this motion to dismiss, reference should be made to the Rule 12(b)(6) arguments proffered. They have been confused from the start. The defendants originally moved for dismissal on grounds that the City of New York was not a "person" within the meaning of section 1983 and that the State of New York was immune from suit under the protection of the eleventh amendment. The latter argument is quite correct, *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347,

39 L.Ed.2d 662 (1974); *Stenson v. State of New York*, 422 F.Supp. 38 (S.D.N.Y.1976). However, with respect to the City of New York, the defendants' argument was vitiated by the decision of the Supreme Court in *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (local governments not wholly immune from suit, under section 1983). Consequently, by Memorandum and Order dated June 14, 1978, this Court ordered the defendants to rebrief their argument in light of *Monell*. Instead, the defendants switched gears, and in a new motion (mooting the grounds of the old) they urged that section 1983 was inapplicable because the complaint was actually a habeas corpus petition that was barred for failure to exhaust state remedies. As the plaintiff has not been in custody on this offense in twenty-three years, that contention is absurd. Thus the correct response vis-a-vis the State of New York, *i. e.*, immunity, was no longer before the Court, and a totally inapposite argument vis-a-vis both defendants took its place.[6] However, the making of the motion to dismiss put the sufficiency of the complaint at issue, and the jurisdictional defect became apparent. It is hornbook law that a court has the right and obligation to determine its own jurisdiction. *Skidmore v. Syntex Laboratories, Inc.*, 529 F.2d 1244, 1248 n.3 (5th Cir. 1976). Therefore, this Court having no subject matter jurisdiction to hear a petition coram nobis on a New York State judgment, the complaint is dismissed.

So ordered.

---

**6.** Inexplicably, the defendants also failed to urge the New York judgment as res judicata. Since the plaintiff cooperatively appended it to the complaint itself, the argument was certainly invited and would likely have disposed of this complaint. Res judicata principles are applicable to suits under the Civil Rights Act, *Mertes v. Mertes*, 350 F.Supp. 472 (D.Del. 1972), *aff'd*, 411 U.S. 961, 93 S.Ct. 2141, 36 L.Ed.2d 681 (1973), and if, as here, an election is made to present the constitutional claim to the state court ab initio, "the litigant's proper and only entry lines into the federal court system would be on petition for a writ of certiorari to the U. S. Supreme Court." *Thistlethwaite v. City of New York*, 362 F.Supp. 88, 93 (S.D.N.Y. 1973), *aff'd*, 497 F.2d 339 (2d Cir.), *cert. denied*, 419 U.S. 1093, 95 S.Ct. 686, 42 L.Ed.2d 686 (1974).