from order of Jefferson Supreme Court—amend complaint.) Present—Cardamone, J. P., Simons, Callahan, Doerr and Moule, JJ.

■ In the Matter of MARY J. FRACTION et al., Respondents, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Appellants.—Judgment unanimously affirmed, with costs, for the reasons stated at Special Term, Provenzano, J. (See, also, *Matter of Ciculli v Toia,* 63 AD2d 714; *Matter of Watkins v Toia,* 57 AD2d 628, affd 46 NY2d 773). (Appeals from judgment of Monroe Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Callahan, Doerr and Moule, JJ.

■ OSCAR SWANSON, Appellant, v NANCY KARNER et al., Respondents. (Appeal No. 1.)—Judgment unanimously reversed, on the law and facts, without costs, judgment entered in favor of plaintiff and matter remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: In this action for a declaratory judgment commenced by plaintiff seeking a judgment establishing that he is the father of a child born to defendant in February, 1974, the findings of the trial court granting judgment in favor of defendant were contrary to the weight of the credible evidence. The parties met late in April, 1973 and within a day or two thereafter had sexual relations. Plaintiff testified that they continued this relationship through at least May, 1973. Defendant testified that they had intercourse only one time, in April, 1973, in spite of seeing each other almost daily at defendant's house for two or three weeks after they met. The court found that they had intercourse only on the 27th, 28th and 29th of April, 1973. The court further found that during the month of May, 1973 defendant's estranged husband, from whom she was separated and is now divorced, was intimate with her, although this finding is unsupported by any evidence in the record. In addition, unrefuted medical testimony established that in January and February, 1968 and again in February, 1978, defendant's former husband was sterile, and two doctors testified that in view of these medical findings defendant's former husband would be incapable of fathering a child in 1973. The court erroneously found that this latter fact was based upon conjecture and speculation. Proof established through defendant and another witness that defendant told the witness that plaintiff was the father of her child. In addition, despite being precluded by order from offering any proof, defendant testified and the court found that during the period of conception defendant was "visited" by another male. No proof was offered that defendant had any sexual contact with this alleged visitor or that defendant was so visited during the month of May which the court found was the month of conception. While the parties ceased their relationship sometime in June, 1973 and resumed living together in 1974 after which they parted company, plaintiff has sustained his burden of proof sufficiently to establish that he is the father of the child of defendant born in February, 1974 and the relief requested in his complaint and supplemental complaint is granted. The matter is remitted to Supreme Court, Monroe County, for the purpose of fixing reasonable visitation privileges for plaintiff with the child and also to provide for support provisions for the child. (Appeal from judgment of Monroe Supreme Court—declaratory judgment.) Present—Cardamone, J. P., Simons, Callahan, Doerr and Moule, JJ.

■ OSCAR SWANSON, Appellant, v NANCY KARNER et al., Respondents. (Appeal No. 2.)—Appeal unanimously dismissed as moot. (Appeal from order of Monroe Supreme Court—declaratory judgment.) Present—Cardamone, J. P., Simons, Callahan, Doerr and Moule, JJ.