■ In the Matter of MARCELLA CASEY, by Her Attorney in Fact Nassau Hospital, Petitioner, v JOSEPH A. D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent State Commissioner of Social Services, dated May 21, 1980 and made after a statutory fair hearing, which (1) found the local agency's denial of medical assistance dated April 24, 1979 to be beyond review and (2) affirmed the local agency's subsequent determination that petitioner did not qualify for medical assistance because she had resources which were available for the payment of her medical expenses. Petition granted to the extent that the determination of the State commissioner is annulled, on the law, without costs or disbursements, and the matter is remitted to the local agency to determine petitioner's eligibility for medical assistance as of March 29, 1979. Petitioner's husband entered Nassau Hospital in February, 1979. Some time thereafter, petitioner appointed the hospital her "attorney-in-fact". On March 29, 1979, petitioner applied to the Nassau County Department of Social Services (the local agency) for medical assistance benefits, on the advice of a hospital social worker. At the eligibility interview she told the local agency's intake worker that her husband was hospitalized and was likely to remain so for a long time. Petitioner also indicated that there was medical insurance and that she had a savings account of about $13,000. She was told nothing of the eligibility requirements for medical assistance, nor was any further investigation made into her financial status, as required by section 366 of the Social Services Law and 18 NYCRR 360.1 (e). She was simply told that her bank account constituted a "resource overage", and that she therefore did not qualify for assistance and should withdraw her application, which she did. A notice of denial dated April 24, 1979 stated that her application had been denied because she had withdrawn it, but the notice did not state that she had 60 days within which to request a statutory fair hearing with respect to the denial. Mr. Casey died while hospitalized in May of 1979. In August of 1979, petitioner reapplied for assistance; this application was denied in December, 1979 because of her failure to provide certain information. This decision was withdrawn and, by notice dated April 17, 1980, petitioner's application for assistance was denied on the ground that she had "[s]ufficient resources". A statutory fair hearing with respect to all three denials was held on April 28, 1980. At the hearing, with respect to the initial application in March of 1979, it was petitioner's testimony that she had never seen nor received the April 24, 1979 notice of denial, and this testimony was uncontradicted by the local agency. The agency's own witness testified that a denial of medical assistance benefits based solely on a savings account of $13,000 would have been improper, yet the agency's evidence and petitioner's testimony tended to show that this was exactly the determination which had been made. With respect to petitioner's reapplication in August, 1979, it was clear from the evidence at the hearing that in finding petitioner ineligible because of sufficient resources, the local

agency only considered the per diem reimbursement rate for the month of May, instead of the actual hospital costs incurred for that month (18 NYCRR 360.16 [c]). Also, the local agency did not consider petitioner's already incurred hospital costs — some $40,000 — for the other three months of her husband's hospitalization. On May 21, 1980 the State commissioner (1) affirmed the determination of ineligibility, stating that the local agency properly determined that petitioner had sufficient resources, and (2) held that the denial dated April 24, 1979 could not be reviewed as the hearing had not been requested within 60 days. The determination of the State commissioner cannot stand. As said respondent concedes in her brief, it was error to calculate petitioner's expenses at the per diem reimbursement rate rather than at her actual cost (see *Matter of Watkins v Toia*, 57 AD2d 628, affd 46 NY2d 773; *Matter of Community Hosp. at Glen Cove v D'Elia*, 82 AD2d 804). It was also error to fail to consider the unpaid medical bills incurred just prior to the month of hospitalization for which medical assistance was being considered (see *Matter of Community Hosp. at Glen Cove v D'Elia, supra*). The case must be remitted to the local agency to consider petitioner's eligibility as of March of 1979, when she first applied, and when the agency's worker wrongly instructed her to withdraw her application. The 60-day limitation period will be tolled where, as here, there is no evidence that petitioner was ever notified of it (see *Matter of Kantanas v Wyman*, 38 AD2d 849; *Matter of Bryant v D'Elia*, 77 AD2d 590, 592), and where, as here, the notice itself does not advise the recipient that the request must be made within 60 days (see *Matter of Ware v Shang*, 73 AD2d 970; *Matter of Community Hosp. at Glen Cove v D'Elia*, 79 AD2d 1025). There was no evidence whatsoever that tended to contradict petitioner's testimony that the April, 1979 notice was never received. The determination that the April 24, 1979 denial was not subject to review is not supported by substantial evidence. The evidence at the hearing shows that petitioner's withdrawal of that application was not voluntary, and the local agency must consider petitioner's eligibility under that application. Titone, J. P., Lazer, Niehoff and Rubin, JJ., concur.