OPINION OF THE COURT
Bernard F. McCaffrey, J.
The motion by petitioner for an order pursuant to the Civil Rights Attorney’s Fee Awards Act (42 USC § 1988) awarding *528 its attorney reasonable counsel fees in the sum of $6,918.75 is granted to the extent herein set forth and in all other respects is denied.
This matter involves a petition pursuant to CPLR article 78 for judgment to annul the decision of the State Commissioner reversing a determination of the Nassau County Department of Social Services after a fair hearing concerning the amount of petitioner’s grant for August and September 1984. The petition advanced five claims as a basis for relief. The first and second claimed that the Commissioner’s decision was arbitrary because the budget methodology incorrectly applied State regulations and, therefore, failed to accurately calculate petitioner’s monthly standard of need. The third claim was predicated on the equal protection clauses of the Federal and State Constitutions. The fourth claim alleged that the purported violation of the equal protection clause gave rise to a claim under 42 USC § 1983. The fifth claim was predicated on a State regulation which permits the State Commissioner to direct agencies to comply with the laws, rules, regulations and departmental policies.
Following negotiations wherein the petitioner claimed to be under budgeted for October and November 1984, and for six additional months in 1984, and that $643.42 was owed him, the matter was settled by stipulation dated November 6, 1985 by the petitioner’s agreeing to accept $500 in full satisfaction thereof. In the stipulation petitioner reserved his counsel right to move this court for an award of reasonable counsel fees pursuant to 42 USC § 1988. The stipulation was marked "So Ordered” by Justice Roncallo of this court.
The pertinent provision of 42 USC § 1988 reads as follows: "In any action or proceeding to enforce a provision of sections 1977, 1978, 1979, 1980 and 1981 [42 USC §§ 1981-1983, 1985, 1986] of the Revised Statutes, title IX of Public Law 92-318 or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney’s fee as part of the costs.” The sections referred thereto in the aforesaid statute concern the following: Section 1981 — equal rights under the law. Section 1982 — property rights of citizens. Section 1983— civil action for deprivation of rights. Section 1985 — conspiracy to interfere with civil rights. Section 1986 — action for neglect to prevent. Title IX of Public Law 92-318 — education. Civil Rights Act of 1964 — (see, 42 USC § 2000d) — Federal assisted programs.
*529 In view of the provisions of said statute, the court in its discretion may award attorney fees.
The fact that the hearing and settlement negotiations were limited to petitioner’s claim of underbudgeting should not deprive petitioner’s attorney of reasonable counsel fees. The other claims of the petitioner, particularly the claim under 42 USC § 1983, may have had a serious impact in bringing about a settlement. It certainly was not meritless or brought in bad faith. The fact that the matter was settled does not preclude petitioner from claiming attorney fees as the prevailing party. (Matter of Viglietta v Blum, 108 Misc 2d 516.) This is particularly true where, as here, the settlement accomplished the goal of petitioner’s civil rights claim. (Cf. McManama v Lukhard, 464 F Supp 38, affd and remanded on other grounds 616 F2d 727.) The mere fact that the settlement did not result in a substantial award to petitioner is not alone sufficient to deny counsel fees. The results obtained are merely one of the factors considered by this court. (See, Konczak v Tyrell, 603 F2d 13, cert denied 444 US 1016.) The Federal court standard that the prevailing plaintiff should ordinarily recover an attorney’s fee unless special circumstances would render such an award unjust is a proper guide for this court. (Cf. Carmel v Borough of Hillsdale, 178 NJ Super 185, 428 A2d 548; Young v Toia, 66 AD2d 377, appeal dismissed 46 NY2d 1076; Lund v Affleck, 442 F Supp 1109, affd 587 F2d 75.) There has been no adequate demonstration of special circumstances which would render the granting of a reasonable attorney’s fee as unfair or unjust. Under the circumstances, this court, in its discretion, determines that the petitioner’s attorney is entitled to a reasonable attorney’s fee. (See, Cleary v Blum, 507 F Supp 514 [DCNY 1981].) The amount sought herein is, in the opinion of this court, excessive. An evidentiary hearing is necessary to determine the reasonable amount of attorney’s fees. (Equitable Lbr. Corp. v IPA Land Dev. Corp., 38 NY2d 516, 522.)