■ In the Matter of the Claim of MONICA L. CHAPMAN, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Casey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 28, 1986, which dismissed claimant's appeal from the decision of an Administrative Law Judge as untimely.

A hearing was conducted before the Unemployment Insur-

ance Appeal Board limited to the issue of whether claimant's appeal from a decision of an Administrative Law Judge (hereinafter ALJ) adverse to her was timely (see, Labor Law § 621 [1]). Claimant admitted receiving the decision on August 22, 1986, at her parents' home in Ontario County. At the time, claimant was attending college and residing in Monroe County, returning to her parents' home every month or so. Her notice of appeal was dated September 9, 1986 and received by the Department of Labor on September 11, 1986. Labor Law § 621 (1) requires an appeal within 20 days of mailing. The only proof in the record concerning the date of mailing is the stamp on the face of the ALJ's decision, which states: "Decision Mailed and Duly Filed in the Department of Labor on August 14, 1986".

In our view, this evidence supplied a rational basis for the Board's finding of untimeliness. Claimant's concession that she received the decision on or about August 22, 1986 relieved the Department from the obligation of offering proof regarding the practices and procedures involved in mailing ALJ decisions, since such proof is necessary only to establish the presumption of receipt (see, Matter of Gonzalez [Ross], 47 NY2d 922, 923), an issue rendered academic here by claimant's concession. Based upon claimant's testimony that she provided a mailing address which was different than her place of residence, claimant's receipt of the decision on August 22, 1986 is not inconsistent with the mailing date of August 14, 1986 stamped on the decision.

For these reasons, the decision of the Board that claimant's notice of appeal (dated Sept. 9, 1986) exceeded the 20-day limitation from the date of mailing (Aug. 14, 1986) and was, therefore, untimely is rational and should be affirmed.

Decision affirmed, without costs. Kane, J. P., Casey and Harvey, JJ., concur.

Levine and Mercure, JJ., dissent and vote to reverse in a memorandum by Mercure, J. Mercure, J. (dissenting). We respectfully dissent. In our view, claimant's rather uncertain testimony that she received the decision on or about August 22, 1986 and the date stamp of "AUG 14 1986" on the ALJ decision were, viewing the record as a whole, insufficient to support the Board's factual determination that the decision was mailed on August 14, 1986.

Notwithstanding the clear direction of the Board's notice of hearing that the case preparation unit of the Department of Labor "[p]roduce a witness with first hand knowledge as to the

practices and procedures involved in the mailing and filing of [ALJ] decisions", claimant was the only witness to offer testimony at the hearing. After being told that the decision was dated August 14, 1986, a Thursday, she testified, "Thursday, Okay. I received it that following Friday, I think. Yeah. It was about the following Friday. It was a week later." Claimant was not asked and therefore had no opportunity to state whether she knew the date upon which the decision arrived at her parents' home or how long it remained there prior to its delivery to her. She did testify, however, that her father was employed at the Rochester City Zoo, that he would bring her mail to work with him and she would pick it up there. Claimant testified further that there was never any length of time that she did not get her mail. This testimony, as supportive of a finding that the decision was mailed on August 21, 1986 as on August 14, 1986, lacks probative value on the issue of the date of mailing, although, as properly found by the majority, it does establish the fact of mailing.

The ultimate issue, then, is whether, given the fact of mailing, the date stamp on the ALJ decision, by itself, constituted sufficient evidentiary support for the Board's finding that August 14, 1986 was the date of mailing. We would answer the question in the negative. First, we disagree with the majority's determination that the sole purpose for proof regarding the practices and procedures involved in mailing ALJ decisions is to establish the presumption of receipt or, conversely, of mailing. In our view, a date stamp that is insufficient to establish that the decision was mailed in the first instance *(see, Matter of Gonzalez [Ross],* 47 NY2d 922, 923) cannot supply a rational basis for the Board's finding of mailing on a particular date. In *Matter of Lebron (Ross)* (72 AD2d 886), this court found that the Board's determination of untimeliness could not stand absent proof "to indicate *when* the contested referee's decision was mailed or delivered to [the claimant]" *(supra* [emphasis supplied], citing *Matter of Gonzalez [Ross], supra).* Second, examination of the copy of the ALJ decision actually mailed to claimant shows that the mailing and filing date had been stamped on the original decision before it was mailed or filed, evidencing the intention of some unknown person and not memorializing an accomplished fact.

Although our review of factual determinations of administrative agencies is very limited, we should remain mindful that we exercise "a genuine judicial function" and are not to "confirm a determination simply because it was made by such

an agency" *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181). For these reasons, we would reverse and remit the matter to the Board for further proceedings to consider the merits underlying the claim of entitlement to unemployment insurance benefits.