■ In the Matter of GRAMERCY PARK DENTAL SERVICES, P. C., Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Yesawich, Jr., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 28, 1989, which assessed Gramercy Park Dental Services, P. C. for additional unemployment insurance contributions.

On March 27, 1986, the Commissioner of Labor issued Gramercy Park Dental Services, P. C., which provides space, equipment and support services for dentists, a "Notice of Determination of Contributions Due" under Labor Law § 571. After a formal hearing, an Administrative Law Judge (hereinafter ALJ) found the dentists to be independent contractors and overturned the Commissioner's determination. That decision was mailed and duly filed on March 13, 1987. Some 14 months later, on June 29, 1988, Gramercy received notice of the Commissioner's appeal. Despite Gramercy's request to have the appeal denied as untimely, the Unemployment Insurance Appeal Board rescinded the decision and remanded the matter for a hearing de novo because the tape recording of the hearing held 14 months earlier had been misplaced.

A second hearing was conducted before another ALJ. The dentists were again found to be independent contractors and the Commissioner's determination was again overruled. The

Commissioner timely and successfully appealed this latter determination; the Board imposed liability upon Gramercy. However, neither the second ALJ nor the Board addressed Gramercy's timeliness objection. Gramercy has appealed.

Labor Law § 621 (2) provides: "Within twenty days after the mailing or personal delivery of notice of the decision after a hearing on contested determinations, rules or orders by the commissioner * * * the commissioner may * * * within such period take an appeal to the board by giving written notice thereof to the employer". It is undisputed that Gramercy never received notice of the Commissioner's first appeal until well after the statutory period had expired (cf., *Matter of Lebron [Ross]*, 72 AD2d 886). This is an incurable infirmity. The copy of the Commissioner's notice of appeal, bearing a filing date of March 13, 1987, which was apparently served on the ALJ "section" on March 31, 1987, does not remedy the situation for it confirms that a copy of the notice of appeal was not sent to Gramercy, as the alleged employer. Even assuming that document was part of the record, an assumption vigorously disputed by Gramercy, the fact remains that the Commissioner has not demonstrated that he timely provided a written notice of appeal to Gramercy as statutorily required (see, *Matter of Chapman [Roberts]*, 138 AD2d 866, 867). Inasmuch as the Board had no jurisdiction to rescind the first ALJ's decision (cf., *Matter of Askew [Levine]*, 50 AD2d 647), the Board's decision and the second ALJ's decision must be vacated and the ALJ's decision of March 13, 1987 reinstated.

Decision vacated, without costs, and decision of the Administrative Law Judge dated March 13, 1987 reinstated. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.