OPINION OF THE COURT
 

 Memorandum.
 

 The appeal taken by claimant as of right should be dismissed upon the ground that no substantial constitutional question is directly involved. On the court’s own motion leave to appeal should be granted to claimant. The order of the Appellate Division should be reversed and the matter remit
 
 *923
 
 ted to the Appellate Division with directions to remand for further proceedings in accordance with this memorandum.
 

 The referee found that the claimant had been mailed notice of determination on January 7, 1976. Since the claimant had failed to request a hearing within 30 days after that date (Labor Law, § 620, subd 1, par [a]), the referee sustained the Industrial Commissioner’s contention that claimant’s request for a hearing was untimely. The Unemployment Insurance Appeal Board adopted the findings of the referee.
 

 On this record there is neither testimony nor documentary support for the finding that the claimant had been mailed a notice of determination. To be sure where the record indicates an established and regularly followed office procedure designed to insure that notices to claimants are properly addressed and mailed, a rebuttable presumption arises that the notices are received (see
 
 Nassau Ins. Co. v Murray,
 
 46 NY2d 828, 829-830). Requisite proof of course in the administrative proceeding need not rise to the quantum required in a judicial action or proceeding so long as it constitutes reasonable evidence of mailing. Here, however, because no proof whatsoever was offered that such a practice had been established or followed, the presumption does not arise.
 

 Since the referee made findings only as to the question of the timeliness of the claimant’s request for a hearing, the matter should be remanded for further proceedings to consider the merits underlying the claim of entitlement to unemployment insurance.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Appeal taken by claimant as of right dismissed, without costs. On the court’s own motion, leave to appeal granted to claimant. Order reversed, with costs, and the matter remitted to the Appellate Division, Third Department, with directions to remand for further proceedings in accordance with the memorandum herein.