■ JAMES ACKLER et al., Respondents, v NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiffs, entered June 11, 1981 in Otsego County, upon a decision of the court at Trial Term (Harmlem, J.), without a jury. Defendant issued an automobile liability policy to Edward Baron on March 30, 1978. On September 22, 1979, one James L. Dowsey, while driving Baron's automobile, collided with and damaged a barn owned by plaintiffs, James and Helen Ackler. The Ackler's claim for damages was denied by defendant upon the ground that the policy covering Baron's automobile had been canceled prior to the accident. A default judgment was obtained against Baron and Dowsey in the amount of $18,057.66 and after the insurer's refusal to pay said judgment, plaintiffs commenced the instant action. Upon the trial, defendant lacked direct proof of mailing of the specific notice and presented testimony as to its interoffice procedure for processing notices of cancellation. The trial court found, *inter alia,* that the policy was in effect because defendant failed to prove cancellation as required in *Caprino v Nationwide Mut. Ins. Co.* (34 AD2d 522). The judgment entered in favor of plaintiffs should be affirmed. Defendant did not meet its burden of proving that notice of cancellation was properly mailed to its insured. The burden of establishing that a notice of cancellation has been mailed is on the insurer, and, once established, gives rise to the presumption of actual delivery to the insured (*Caprino v Nationwide Mut. Ins. Co., supra*). Proof of the interoffice procedure followed by the insurer in the regular course of business is sufficient to establish mailing only if the office practice is "geared so as to ensure the likelihood that a notice of cancellation is always properly addressed and mailed" (*Nassau Ins. Co. v Murray,* 46 NY2d 828, 830). Thus, the issue is one of fact. The trial court properly found, upon consideration of defendant's proof of interoffice mailing procedures, that the evidence was "deficient in that there is no proof that the envelopes which were ostensibly mailed or perhaps were in fact mailed were sent to the same addressees whose names appeared on the * * * computer print-out list * * *. The witness himself acknowledged that he was more concerned with numbers than the identity of persons to whom the claimed notices * * * might have been * * * sent." We note that in properly refusing to admit certain documentary proof offered by defendant as irrelevant, the trial court incorrectly stated that, as a matter of law, evidence of interoffice mailing procedure is insufficient to prove that notice of cancellation has been mailed. Despite this statement, the trial court did allow such testimony as noted above. We find it unnecessary to reach any other issue. Judgment affirmed, with costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.