■ Alvert T. Smith et al., Appellants, v Thomas J. Palmieri, Respondent, et al., Defendants. (Action No. 1.) Alvert T. Smith et al., Appellants, v Charles M. Fermon et al., Respondents. (Action No. 2.) — In two medical malpractice actions arising out of the same series of occurrences, plaintiffs

appeal in action No. 1 from (1) an order of the Supreme Court, Queens County (Durante, J.), dated September 8, 1982, which granted so much of defendant Palmieri's motion as sought to preclude them from offering evidence against him at trial, and (2) an order of the same court (Leviss, J.), dated June 24, 1983, which granted defendant Palmieri's motion for summary judgment dismissing the complaint as against him based upon the foregoing order of preclusion and, in action No. 2, plaintiffs appeal from an order and judgment (one paper) of the same court (Durante, J.), dated April 19, 1983, which, *inter alia,* dismissed the complaint in action No. 2. ¶ Orders dated September 8, 1982 and June 24, 1983, reversed, on the law, without costs or disbursements, and matter remitted to the Supreme Court, Queens County, for further proceedings *in accordance herewith.* ¶ Order and judgment dated April 19, 1983, affirmed, without costs or disbursements. ¶ On or about February 17, 1981, plaintiffs commenced a medical malpractice action (action No. 1) against Thomas Palmieri, Charles Fermon, the Long Island Jewish Physicians Association and the Long Island Jewish-Hillside Medical Center, *inter alia,* to recover damages for injuries allegedly sustained by plaintiff Alvert Smith during the course of his hospitalization at Long Island Jewish-Hillside Medical Center. In the ordinary course of events, issue was joined and bills of particulars were demanded from the plaintiffs and, upon the latter's failure to timely serve their bills, a conditional order of preclusion was granted by the Supreme Court, Queens County (Lakritz, J.), on July 1, 1981, precluding the plaintiffs "unless a responsive bill of particulars is served within 30 days after *receipt* of the Long Island Jewish Hillside Hospital records" relating to the injured plaintiff's hospitalization (emphasis supplied). When a bill of particulars still had not been served by June 22, 1982, defendant Palmieri sought, and on September 8, 1982 was granted, an order of preclusion. On June 24, 1983, his subsequent motion for summary judgment was granted on the basis of the outstanding preclusion order. Plaintiffs have consistently maintained that the records in question have never been received. ¶ Meanwhile, plaintiffs defaulted on a motion for summary judgment brought by the remaining codefendants based on the failure to comply with Justice Lakritz' conditional order of preclusion dated July 1, 1981, and, during the pendency of their appeal (subsequently dismissed) from an order denying their motion for leave to reargue the resulting grant of summary judgment, plaintiffs commenced a second medical malpractice action (No. 2) against those codefendants based upon the same allegations which underlay the original complaint. In September, 1982 the defendants in action No. 2 separately moved to dismiss the complaint therein on the ground, *inter alia,* of *res judicata,* whereupon the plaintiffs cross-moved to vacate their default on the underlying summary judgment motion in action No. 1. Thereafter, on April 19, 1983, an order and judgment was entered in action No. 2, in which the defendants' motions were granted, plaintiffs' cross motion was denied, and the complaint was dismissed. ¶ These appeals followed. ¶ In our view, Special Term erred in summarily granting defendant Palmieri's motion for an unconditional order of preclusion, as it is clear from the order of Justice Lakritz, dated July 1, 1981, that plaintiffs' receipt of a copy of the hospital records from Long Island Jewish-Hillside Medical Center was a condition precedent to their obligation to serve a verified bill of particulars upon the defendants. Moreover, where, as here, the only proof relied on to establish the receipt of those records is the presumption of delivery which attaches to a properly mailed letter, and where the affidavit of mailing is itself based upon a review of documents and the affiant's "normal course of practice", as opposed to personal knowledge, there must be proof before the court that the affiant's normal course of practice was "geared so as to ensure the likelihood that [documents of the type in question are] always

properly addressed and mailed" before the presumption of delivery can even be said to arise (*Nassau Ins. Co. v Murray,* 46 NY2d 828, 830; see *Ackler v Nationwide Mut. Ins. Co.,* 87 AD2d 730; *Capra v Lumbermen's Mut. Cas. Co.,* 43 AD2d 986; cf. *Engel v Lichterman,* 95 AD2d 536). Accordingly, since the papers before the court were not sufficient to permit a determination of this issue, Special Term should not have proceeded to grant the defendant Palmieri's motion without conducting a hearing in order to determine whether the records in question had, in fact, been sent, and the condition precedent to plaintiffs' default under the order of Justice Lakritz had been satisfied (see CPLR 2218). As the order dated September 8, 1982 must therefore be reversed and the matter remitted for further proceedings, it follows, *ex necessitate,* that the order dated June 24, 1983, granting defendant Palmieri's motion for summary judgment based upon the foregoing preclusion order, must likewise be reversed, and the motion referred to Special Term for determination at the conclusion of the hearing required to be held hereunder on the motion to preclude. ¶ The order and judgment dated April 19, 1983, must nevertheless be affirmed, as the original complaint in action No. 1 and the complaint in action No. 2, served during the pendency of plaintiffs' unsuccessful appeal from the order denying reargument of the codefendants' summary judgment motion, are both predicated upon the same cause or causes of action. Accordingly, the grant of summary judgment by default in action No. 1 is *res judicata* in action No. 2 (see *Barrett v Kasco Constr. Co.,* 84 AD2d 555, affd 56 NY2d 830; accord *Strange v Montefiore Hosp. & Med. Center,* 91 AD2d 507, affd 59 NY2d 737). Moreover, in the absence of any suitable affidavit of merit (see *Amodeo v Radler,* 89 AD2d 594, affd 59 NY2d 1001), Special Term did not err in denying plaintiffs' application to be relieved of their default on the underlying summary judgment motion. Titone, J.P., Gibbons, Brown and Lawrence, JJ., concur.