■ In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY et al., Respondents. HARTFORD INSURANCE COMPANY, Appellant.—In a proceeding pursuant to CPLR article 75 to permanently stay arbitration between Government Employees Insurance Company and Hazel Richardson, as administratrix of the estate of Marcella Henry, deceased, on her claim for uninsured motorist benefits, second additional party-respondent Hartford Insurance Company (Hartford) appeals from a judgment of the Supreme Court, Kings County (Spodek, J.), entered January 10, 1984, which permanently stayed arbitration, upon a finding that Hartford failed to prove it canceled a policy of automobile liability insurance issued by it to Edward Brown and Linda Brown.

Judgment affirmed, with one bill of costs payable to petitioner-respondent and respondent-respondent.

The issue on this appeal is whether appellant Hartford effectively canceled its insurance policy on the car owned by Linda Brown prior to an accident on February 15, 1981 which resulted in the death of Marcella Henry, a passenger in another car.

At a hearing held on August 22, 1983 to determine, *inter alia,* the issue of coverage, Hartford's position was that its policy on the Brown car had been canceled for nonpayment of premiums, effective February 1, 1981. Hartford argues on this appeal that it proved compliance with Vehicle and Traffic Law § 313, which provides, insofar as here pertinent, for a conclusive presumption of proper mailing of a notice of cancellation if the insurer retains a copy of its notice of cancellation, along with a "certificate of mailing, properly endorsed by the postal service". Hartford submitted a single piece of paper to prove compliance with the statute. That paper was a copy of Hartford's notice of cancellation, dated January 12, 1981, upon which appeared a metered stamp, a postmark for January 14, 1981, and the names and addresses of Hartford, Linda Brown, and Linda Brown's insurance broker. At the hearing, testimony was also adduced as to Hartford's office mail handling practice. There was no evidence to show that any procedure was followed to ensure that notices of cancellation, which Hartford mailed out in window envelopes, were handled in such a way as to ensure that the proper address on the notice appeared in the window. Nor was there any evidence that anybody in Hartford's offices or at the post office ever performed a check to ensure that the envelopes containing the notices of cancellation were sent out with the insured's name appearing in the window. Hartford does not keep a separate list of insureds who are to receive notices.

On these facts, the determination that Hartford failed to prove cancellation was correct. The document which Hartford denominates a "certificate of mailing" is not a "certificate of mailing" because it is not probative of a mailing to the insured. Assuming, arguendo, that the document shows that anything was mailed, mailing to the insured's broker appears equally likely from the face of the document. Hartford could have avoided this difficulty had it used the official postal service certificate of mailing forms, but did not do so.

Moreover, Hartford's evidence was insufficient to prove mailing under the common law. We have held that an insurer

may fall back on common-law proof of mailing where it is unable to present a proper certificate of mailing (*Matter of Allstate Ins. Co. v Peruche,* 100 AD2d 935). However, to raise the presumption of receipt by an insured, the common law requires proof of an office practice geared so as to ensure the likelihood that a notice of cancellation is "always properly addressed and mailed" (*Nassau Ins. Co. v Murray,* 46 NY2d 828, 830). At bar, Hartford offered no proof to exclude the real possibility that its notices of cancellation might mistakenly be sent to a broker whose name and addresses appeared on the notice along with that of the insured (*see generally, Ackler v Nationwide Mut. Ins. Co.,* 87 AD2d 730; *Caprino v Nationwide Mut. Ins. Co.,* 34 AD2d 522; *Felician v State Farm Mut. Ins. Co.,* 113 Misc 2d 825). Lazer, J. P., Gibbons, Weinstein and Lawrence, JJ., concur.