■ In the Matter of DANIEL MCKILLEN, Petitioner, v CESAR A. PERALES et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated July 19, 1985, and made after a statutory fair hearing, which affirmed a determination of the local agency discontinuing the petitioner's grant of public assistance in the category of home relief and medical assistance for a period of 30 days and until petitioner is willing to comply with the requirements relating to employable public assistance recipients.

Adjudged that the petition is granted to the extent that the determination of the respondent State Commissioner is annulled, on the law, without costs or disbursements, and the respondents are directed to restore the petitioner's grant of public assistance retroactive to the date of its termination, and the proceeding is otherwise dismissed on the merits.

It is well settled that a local agency may not discontinue a recipient's public assistance benefits unless the recipient's failure to comply with one of the department's work rules is found to be willful (Social Services Law § 131 [5], [6]; 18 NYCRR 385.3 [a] [1]; *Allen v Blum,* 58 NY2d 954, 956; *Matter*

of Ray v Blum, 91 AD2d 822). In the case at bar, the local agency, the Suffolk County Department of Social Services, discontinued the assistance on the ground that the petitioner had willfully failed to report to the Suffolk County Department of Labor on April 16, 1985. The local agency, in its decision, relied on the fact that the petitioner had failed to respond to a letter allegedly sent by the Department of Labor to the petitioner on April 18, 1985. That letter, *inter alia,* advised the petitioner of his failure to report to the Department of Labor on April 16, 1985, and asked him to provide the Department of Labor with the reasons for his failure.

At the fair hearing, the petitioner and his wife testified that they never received the letter allegedly sent by the Department of Labor to the petitioner on April 18, 1985. In contrast, the local agency failed to provide any acceptable evidence that the letter dated April 18, 1985, was mailed. It produced no one with personal knowledge that that letter had actually been sent or any evidence that the Department of Labor had followed an established routine in sending this type of letter *(see, Matter of Ray v Blum, supra; Matter of Ware v Shang,* 73 AD2d 970). In the absence of competent proof that the letter dated April 18, 1985, was mailed, no presumption arose that the letter was received *(see, Matter of Gonzalez,* 47 NY2d 922, 923). Accordingly, the local agency failed to present substantial evidence in support of its determination.

Finally, we have reviewed the petitioner's claim for attorney's fees and find it to be without merit *(see, Matter of Bess v Toia,* 66 AD2d 844). Mangano, J. P., Niehoff, Sullivan and Harwood, JJ., concur.