■ In the Matter of LINDA MILLER, Petitioner, v CESAR PERALES et al., Respondents.—Proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent New York State Commissioner of Social Services, dated April 3, 1990, made after a statutory fair hearing, as found that the State Commissioner was without jurisdiction to review the local agency's notices of intention to recoup payments of public assistance dated July 17, 1987, March 16, 1989, and July 3, 1989, respectively, due to the petitioner's alleged concealment of income.

Adjudged that the petition is granted to the extent that the determination of the State Commissioner that he lacked jurisdiction to review the subject notices is annulled, on the law, without costs or disbursements, and the matter is remitted to the State Commissioner for a new hearing to determine the merits of the petitioner's claim that the overpayments she received resulted from agency error and did not result from concealment of income.

At the fair hearing, the petitioner testified that she never received the notices that are the subject of this proceeding. The local agency did not produce a witness with personal knowledge that the notices had been sent or provide any evidence that it had followed an established routine in sending this type of notice. In the absence of such proof, no presumption arose that the notices were received *(see, Matter*

*of Gonzalez,* 47 NY2d 922, 923). Under the circumstances, the local agency failed to present substantial evidence in support of the Commissioner's determination that the subject notices were received by the petitioner more than 60 days prior to the date when she requested a hearing *(see, Matter of McKillen v Perales,* 133 AD2d 270, 271; *Matter of Casey,* 87 AD2d 889). Accordingly, we remit the matter to the State Commissioner to review the merits *(see, Matter of Zellweger v New York State Dept. of Social Servs.,* 74 NY2d 404). Thompson, J. P., Balletta, Ritter and Santucci, JJ., concur.