■ JOHN WASHINGTON et al., Respondents, v ST. PAUL SURPLUS LINES INSURANCE Co., Appellant. [606 NYS2d 726] —In an action to recover the proceeds of an insurance policy, the defendant insurer appeals from an order of the Supreme Court, Kings County (Garry, J.), dated July 29, 1991, which granted the plaintiffs' motion to strike the affirmative defenses of failure to timely notify the insurer of a negligence action against its insured, and of a subsequent default judgment entered in that action, and denied its cross motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted that branch of the plaintiffs' motion which was to strike the fifth affirmative defense, and substituting therefor a provision denying that branch of

the motion; as so modified the order is affirmed, without costs or disbursements.

The appellant acknowledged that it was notified of the incident which occurred on January 16, 1981. In that incident, the plaintiff John Washington was shot and seriously injured by an intoxicated patron of a bar and grill insured by the appellant. The plaintiffs made a claim against the appellant's insured, and in December 1981 the appellant disclaimed liability, asserting that John Washington's injuries fell under an exclusion in the policy for injuries resulting from "assault and battery". In December 1982 the plaintiffs commenced the underlying action against the insured, sounding in negligence. Two months after the commencement of the action, the plaintiffs allegedly sent a letter and a copy of the summons and complaint to the appellant, notifying it of the lawsuit. In 1988, a default judgment was entered against the insured, awarding the plaintiffs $229,947. The plaintiffs served a copy of this judgment on the appellant, and demanded payment.

In the instant action against the appellant to recover the proceeds of the insurance policy, the appellant asserted affirmative defenses, alleging, *inter alia,* that it received no notification of the underlying action and the judgment. The plaintiffs moved to strike those affirmative defenses, and the appellant cross-moved for summary judgment. The Supreme Court granted the plaintiffs' motion and denied the cross motion.

The Supreme Court incorrectly struck the fifth affirmative defense alleging that the appellant did not receive timely notice of the underlying action. Questions of fact exist as to whether the appellant received notice allegedly mailed to it and if that notice was sufficient under the law. The plaintiffs are not entitled to the benefit of the presumption that the notice was received, since no evidence exists as to the mailing and there is a denial of receipt by the appellant. The absence of evidence from anyone claiming to have mailed the notice or pertaining to office practices creates questions of fact that cannot be decided on a summary judgment motion *(see, Saranac Lake Fed. Sav. & Loan Assn. v Fidelity & Deposit Co.,* 159 AD2d 895; *cf., Nassau Ins. Co. v Murray,* 46 NY2d 828; *Smith v Palmieri,* 103 AD2d 739). The mere assertion that notice was mailed, supported by someone with no personal knowledge of the mailing, is insufficient to give rise to the presumption of receipt that attaches to notices duly addressed and mailed *(see, Fritzen v Allstate Indem. Co.,* 167 AD2d 932).

However, we note that the appellant admits that it received

a copy of the judgment with notice of entry in the underlying action. Mangano, P. J., O'Brien, Pizzuto and Santucci, JJ., concur.