■ CESAR COLON et al., Respondents, v NATIONWIDE MUTUAL FIRE INSURANCE Co., Appellant, and BANK OF NEW YORK et al., Respondents. [621 NYS2d 608] —Judgment, Supreme Court, Bronx County (Allen Murray Myers, J.H.O.), entered September 20, 1993, which found, *inter alia,* that the Nationwide homeowners policy originally in effect on March 23, 1989 covering the plaintiffs' home and liability thereon was in full force and effect on April 23, 1990, the date of the alleged dog-bite for which the plaintiffs have been sued and have been litigating to date, unanimously modified, on the law, to the extent of vacating that portion of the judgment which held that plaintiffs are entitled to be indemnified for the costs and expenses including attorneys' fees incurred by them in the defense of this action for declaratory judgment, otherwise affirmed, without costs.

As the Judicial Hearing Officer found, Nationwide failed to sufficiently demonstrate that it mailed a cancellation notice to plaintiffs. Both plaintiffs and ARCS Mortgage Inc. deny ever having received the cancellation notices that Nationwide allegedly mailed to them, and while Nationwide presented an

employee/witness (with no personal knowledge of the instant alleged mailings) who testified as to the usual procedure for mailing such notices, such testimony did not establish that the procedures followed were " 'geared so as to ensure the likelihood that a notice of cancellation [was] always properly addressed and mailed' " *(Lumbermens Mut. Cas. Co. v Comparato,* 151 AD2d 265, 267; *see also, Matter of Government Empls. Ins. Co. [Hartford Ins. Co.],* 112 AD2d 226). We also note that Nationwide failed to present the testimony of the two personally involved employees who were specifically named on the mailing receipts who presumably could have provided firsthand information about the alleged mailings.

Finally, since this is not a case in which plaintiffs were cast in a defensive posture by legal steps Nationwide took in an effort to free itself from its policy obligations, but instead, a case in which plaintiffs affirmatively instituted this declaratory judgment action to settle its rights, plaintiff may not recover the expenses incurred in bringing said action. *(Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 21.) Concur—Sullivan, J. P., Ellerin, Kupferman and Williams, JJ.