■ In the Matter of DANIEL KASSLER, Petitioner, v BRIAN WING, as Commissioner of the New York City Department of Social Services, et al., Respondents. [658 NYS2d 94] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent, Commissioner of the New York State Department of Social Services, dated June 27, 1995, which, after a hearing, affirmed a determination of the respondent, Commissioner of the New York City Department of Social Services, to discontinue the petitioner's Home Relief and Medical Assistance benefits for a period of 75 days, and to discontinue the petitioner's food stamp benefits for two months.

Adjudged that the petition is granted, on the law, without costs or disbursements, the determination is annulled, and the matter is remitted to the respondents for further proceedings in accordance herewith.

In March 1995 the petitioner Daniel Kassler was the recipient of certain public assistance benefits provided by the respondent State of New York (hereinafter the State) and administered by the respondent City of New York (hereinafter the City). As one of the conditions of receiving those benefits, he was required to participate in a Job Search Program administered by the City. Kassler failed to appear at an appointment scheduled for March 22, 1995, in connection with that program. After two conferences, the City determined that Kassler had willfully and without good cause failed to keep that appointment. Therefore, it determined that it would be appropriate to discontinue Kassler's public assistance benefits for certain periods of time.

Kassler thereupon requested a fair hearing to determine the propriety of that determination. At the fair hearing, held before Administrative Law Judge Rodriguez, the City introduced certain affidavits, together with copies of the notices it sent to Kassler. These, the City contended, showed the existence of an office procedure as to mailings sufficient to establish a rebuttable presumption of receipt. In response, the petitioner offered only his own testimony that he failed to receive the notice and therefore did not keep the appointment.

ALJ Rodriguez recommended affirming the determination to discontinue benefits. In its decision after fair hearing, the State found, *inter alia,* that Kassler had failed to rebut the presumption of receipt and had not established good cause for his failure to comply with the requirements of the Job Search Program, and upheld the City's determination to discontinue benefits.

We find that this determination was not supported by substantial evidence, and therefore annul the determination and grant the petition.

The affidavits offered by the City in support of their contention that a proper office routine was followed alleged, in substance, that the addresses (including the names) used for mailings are all obtained from the same database, and are identical to those contained in the database. However, two of the notices offered as exhibits by the City in support of its position contain an incorrect spelling of Kassler's name, while the third has the correct spelling. Additionally, the three notices give varying names for the post office which is appurtenant to zip code 11357. No explanation is offered for the variations in the post office names or for the mispellings of Kassler's name. Thus, the City's own exhibits appear to be at variance with important portions of the affidavits submitted on its behalf. Under these circumstances, the affidavits, which are the only evidence of the mailing procedure followed by the City, are insufficient to meet the burden of establishing the existence of a proper office routine and procedure, which could then establish a rebuttable presumption of receipt *(see, Matter of Gonzalez,* 47 NY2d 922; *cf., Nassau Ins. Co. v Murray,* 46 NY2d 828). The determination is therefore not supported by substantial evidence, and it is annulled *(see, Matter of Berenhaus v Ward,* 70 NY2d 436). Miller, J. P., Copertino, Krausman and Florio, JJ., concur.