■ In the Matter of PHYLERINE FRANCIS, Petitioner, v BRIAN J. WING, as Commissioner of the New York State Office of Temporary and Disability Assistance, et al., Respondents. [694 NYS2d 29] —Decision after fair hearing, dated October 24, 1996, issued by respondent Brian J. Wing, Commissioner of the New York State Office of Temporary and Disability Assistance, determining that the State respondent was without jurisdiction to review a decision of the New York City Human Resources Administration because petitioner failed to request a fair hearing within the 60-day Statute of Limitations (with this CPLR article 78 proceeding transferred to this Court pursuant to CPLR 7804 [g], by an order of the Supreme Court, New York County [Bruce Allen, J.], entered March 13, 1998), unanimously annulled, on the law, without costs or disbursements, and the matter remanded to the State Agency for a fair hearing on the merits.

Where a fair hearing applicant claims, as in this case, that no notice was received, the Agency has the burden of establishing that the notice was properly addressed, posted and mailed to the recipient (*see, Matter of Miller v Perales*, 189 AD2d 874). This burden can be satisfied by providing evidence of "a proper

office routine and procedure, which could then establish a rebuttable presumption of receipt" (*Matter of Kassler v Wing*, 239 AD2d 583, 584). However, when there is no proof that a practice has been established or followed, the presumption does not arise (*Matter of Gonzalez [Ross]*, 47 NY2d 922, 923).

In this case, the municipal respondent defaulted at the fair hearing, and did not provide the petitioner with a copy of the August 10, 1995 notice. Without proof of actual receipt of notice *or* sufficient evidence to support a rebuttable presumption of receipt of notice, there is no basis for finding that the limitation period of 60 days set forth in Social Services Law § 22 (4) (a) ever began to run. Accordingly, there was no substantial evidence supporting State respondent's determination that the request for a fair hearing was untimely (*Matter of Bates v Blum*, 86 AD2d 563). Therefore, we annul the determination and remand to the respondent State Agency for a fair hearing to review the merits of the administrative appeal. Concur— Nardelli, J. P., Wallach, Lerner and Andrias, JJ.