■ LEHRER MCGOVERN BOVIS, INC., et al., Respondents, v PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant. [700 NYS2d 837] —Order and judgment (one paper), Supreme Court, New York County (Leland DeGrasse, J.), entered July 7, 1999, which, *inter alia*, granted the cross motion for summary judgment of plaintiffs Lehrer McGovern Bovis, Inc., and AIU Insurance Company, declaring that Lehrer McGovern is entitled to have defendant Public Service Mutual Insurance Company (PSM) defend and indemnify it in the underlying action and that AIU is entitled to reimbursement from PSM for costs, disbursements and reasonable attorneys' fees expended in its defense and indemnification of Lehrer McGovern in connection with the underlying action, unanimously affirmed, with costs.

Defendant may not invoke the doctrine of collateral estoppel to defeat the claims of plaintiffs Lehrer and AIU because there is no identity between the issues in this action and those previously determined in Lehrer McGovern's prior action against defendant's insured (*see, Read v Sacco,* 49 AD2d 471, 473).

The burden of proving valid cancellation of an insurance policy is upon the insurance company disclaiming coverage based on cancellation (*see, Holmes v Utica Mut. Ins. Co.,* 92 AD2d 1045) and the court, in granting summary judgment to Lehrer and AIU, properly found that defendant failed to

sustain that burden or to present evidence in admissible form sufficient to create an issue of fact as to the validity of its timely cancellation prior to the workplace accident that gave rise to this lawsuit (*see, Colon v Nationwide Mut. Fire Ins. Co.*, 211 AD2d 579, 580).

We have reviewed defendant's remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Williams, Lerner, Andrias and Friedman, JJ.