■ In the Matter of PHOENIX INSURANCE COMPANY, Respondent, v MARTIN TASCH, Appellant. [762 NYS2d 99] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for underinsured motorist benefits, the appeal is from an order of the Supreme Court, Kings County (Dabiri, J.), dated April 15, 2002, which granted the petition and permanently stayed the arbitration.

Ordered that the order is affirmed, with costs.

We affirm the order appealed from on a different ground than the one used by the Supreme Court in granting the petition and permanently staying the arbitration (*see Menorah Nursing Home v Zukov,* 153 AD2d 13 [1989]). The relevant provision of the subject insurance policy required that the appellant give written notice of an underinsured motorist claim "as soon as practicable." Thus, the appellant was required to provide timely written notice of the claim for underinsurance benefits as soon as practicable from the date he knew or should have known that the tortfeasor was underinsured (*see State Farm Mut. Auto. Ins. Co. v Sparacio,* 297 AD2d 284, 285 [2002]; *Matter of Interboro Mut. Indem. Ins. Co. v Callender,* 288 AD2d 474 [2001]; *Matter of Eagle Ins. Co. v Bernardine,* 266 AD2d 543 [1999]; *Matter of Nationwide Ins. Co. v Montopoli,* 262 AD2d 647 [1999]). The respondent specifically denied the receipt of any letter of notice of intent to file an underinsured claim dated October 4, 1999, which the appellant's attorney had purportedly mailed to the respondent. While a party is entitled to a rebuttable presumption of receipt based on proof of regular mailing, the appellant failed to submit sufficient evidence attesting to the mailing of the letter dated October 4, 1999, or to the existence of an office practice geared to ensure the proper addressing or mailing of this letter (*see Nassau Ins. Co. v Murray,* 46 NY2d 828, 829 [1978]; *Matter of Francis v Wing,* 263 AD2d 432 [1999]; *Azriliant v Eagle Chase Assoc.,* 213 AD2d 573, 575 [1995]; *Matter of Colyar,* 129 AD2d 946, 947 [1987]). Accordingly, the appellant failed to establish that he provided timely written notice of the underinsured motorist claim, and the petition was properly granted. Ritter, J.P., Feuerstein, McGinity, Townes and Cozier, JJ., concur.