In the Matter of the Arbitration between STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, and GERALDINE CELEBUCKI et al., Appellants. [787 NYS2d 454]—

Mercure, J.P. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered December 5, 2003 in Schenectady County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

After allegedly sustaining injuries in a May 1998 automobile accident, respondent Geraldine Celebucki filed a claim for no-fault insurance benefits with petitioner in July 1998. Celebucki thereafter notified petitioner of her intent to file an additional claim for supplementary underinsured motorist (hereinafter SUM) coverage pursuant to the terms of her existing automobile insurance policy with petitioner. In February 2002, petitioner disclaimed coverage of the SUM claim on the ground that Celebucki had failed to notify it of her intent to seek such benefits until November 2001, approximately $3^{1}/_{2}$ years after the date of the accident. Contending that petitioner had actually received such notice in August 1998, respondents filed a demand for arbitration. Supreme Court granted petitioner's subsequent CPLR 7503 petition to permanently stay arbitration, prompting this appeal.

We affirm. In our view, Supreme Court properly held that Celebucki failed to provide petitioner with notice of her SUM claim "[a]s soon as practicable," a requirement of her SUM policy (*see generally Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487 [1999]). Although respondents contend that such notice was provided by letter from respondents' counsel in August 1998, petitioner presented the affidavits of a claims representative who stated that no such letter was located in Celebucki's file. Indeed, there is no evidence in the record, apart from the unsubstantiated assertion of respondents' counsel that he "did cause to execute and forward" said letter, to validate respondents' claim. Notably, respondents failed to offer any proof of regular mailing procedures and office practices "geared to ensure the proper addressing or mailing of this letter," thus entitling them to a rebuttable presumption of receipt by petitioner (*Matter of Phoenix Ins. Co. v Tasch*, 306 AD2d 288, 288 [2003]; *see Nassau Ins. Co. v Murray*, 46 NY2d 828, 829-830 [1978]). Accordingly, we agree with Supreme Court that timely written notice of the SUM claim was never provided and arbitration was properly stayed.

Spain, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.