■ WESTCHESTER MEDICAL CENTER, Respondent, v COUNTRYWIDE INSURANCE COMPANY, Appellant. [846 NYS2d 230]—

In an action to recover no-fault medical payments, the defendant appeals from a judgment of the Supreme Court, Nassau County (Jonas, J.), entered August 23, 2006, which, upon an order of the same court dated August 14, 2006, granting the plaintiff's motion for summary judgment on the complaint and denying its cross motion for summary judgment dismissing the first cause of action, is in favor of the plaintiff and against it in the principal sum of $13,491.40.

Ordered that the judgment is affirmed, with costs.

In support of its motion for summary judgment, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by submitting, inter alia, the requisite billing forms, the affidavits from its billers, as well as the certified mail receipts, and the signed return receipt cards which referenced the patients and the forms (*see New York & Presbyt. Hosp. v Travelers Prop. Cas. Ins. Co.*, 37 AD3d 683 [2007]; *Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co.*, 34 AD3d 532 [2006]; *New York & Presbyt. Hosp. v Allstate Ins. Co.*, 30 AD3d 492, 493 [2006]). This evidence demonstrated that the defendant received proof of the claims and failed to pay the bills or issue a denial of claim form within the requisite 30-day period (*see* Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [a]).

In opposition to the plaintiff's motion, the defendant failed to raise a triable issue of fact, and in support of its cross motion for summary judgment dismissing the first cause of action, the defendant failed to make a prima facie showing of its entitlement to judgment as a matter of law. The defendant contended that the claim for payment with respect to the first cause of action was premature because the plaintiff had failed to respond to its verification requests (*see* 11 NYCRR 65-3.5 [b]; *New York & Presbyt. Hosp. v Progressive Cas. Ins. Co.*, 5 AD3d 568, 570 [2004]). The defendant submitted the affidavit of a supervisor employed in its claims department, which stated, with respect to the first cause of action, that a timely verification request was mailed on August 11, 2005, and a follow-up request was mailed on September 10, 2005. The supervisor, however, had no personal knowledge that the verification requests were actually mailed on the dates they were issued, and her conclusory allegations regarding the defendant's office practice and procedure

failed to establish that the practice and procedure was designed to ensure that the verification requests were addressed to the proper party and properly mailed (*see Matter of Phoenix Ins. Co. v Tasch*, 306 AD2d 288 [2003]; *Hospital for Joint Diseases v Nationwide Mut. Ins. Co.*, 284 AD2d 374, 375 [2001]; *Matter of Government Empls. Ins. Co. [Hartford Ins. Co.]*, 112 AD2d 226, 227-228 [1985]). The defendant's submissions were insufficient to create a presumption that the verification requests were received by the proper party (*see Matter of Gonzalez [Ross]*, 47 NY2d 922, 923 [1979]; *Nassau Ins. Co. v Murray*, 46 NY2d 828 [1978]; *New York & Presbyt. Hosp. v Allstate Ins. Co.*, 29 AD3d 547 [2006]; *New York & Presbyt. Hosp. v Progressive Cas. Ins. Co.*, 5 AD3d at 568; *Matter of Phoenix Ins. Co. v Tasch*, 306 AD2d 288 [2003]). Furthermore, the defendant's failure to timely object to the completeness of the assignment of benefits forms or to seek verification of the assignments constituted a waiver of any defenses based thereon (*see Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co.*, 34 AD3d 532 [2006]; *Nyack Hosp. v Encompass Ins. Co.*, 23 AD3d 535 [2005]; *Hospital for Joint Diseases v Allstate Ins. Co.*, 21 AD3d 348 [2005]). Accordingly, the Supreme Court properly granted the motion and denied the cross motion. Spolzino, J.P., Krausman, Carni and Dickerson, JJ., concur.