Schoenfeld, J.
(dissenting). I fully agree with the majority’s sentiment that it is time for a change in no-fault litigation, which has become overly protracted and wasteful. Clearly, a *16 streamlined process that yields timely, substantive results to ensure reimbursement, when appropriate, is needed. In the present case, all that was required at trial was the testimony of an individual with knowledge of defendant’s standard mailing practice. As this was not done, however, I respectfully dissent and would affirm the trial judge’s finding in favor of plaintiff.
At trial, defendant did not dispute that it received plaintiffs bills, but averred that plaintiff failed to respond to its request for verification. In support thereof, defendant offered the testimony of Jennifer Piccolo, an experienced claims examiner.
Ms. Piccolo testified to having reviewed plaintiffs claims, and stated why further verification was needed. As a result, she prepared verification letters and placed them in “a bin slot . . . within the department,” to be “picked up by the clerical department.” She further testified that if mail was not delivered and came back to her office, the address would be checked, and if it was wrong, it would be corrected and re-mailed. However, Ms. Piccolo candidly admitted to not knowing the mailroom procedure:
“Q: Do you have personal knowledge of the actual policies of the people who handle that mail that’s returned?
“A: Personal knowledge, yes.
“Q: Personal knowledge as in you observe them do their day to day job with respect to . . . receipt of mail returned?
“A: No.
“Q: Nor with any of their other responsibilities with respect to mailing, correct?
“A: Correct.”
It is well established that the decision of the fact-finding court should not be disturbed unless it is obvious that the court’s conclusion could not be reached under any fair interpretation of the evidence. (Frame v Maynard, 78 AD3d 508 [1st Dept 2010].) Further, the burden is on the insurer to establish proper and timely mailing of verification requests. (Westchester Med. Ctr. v Progressive Cas. Ins. Co., 6 Misc 3d 1039[A], 2005 NY Slip Op 50348[U] [Nassau Dist Ct 2005]; see Lehrer McGovern Bovis, Inc. v Public Serv. Mut. Ins. Co., 268 AD2d 388 [1st Dept 2000].)
As noted in Badio v Liberty Mut. Fire Ins. Co. (12 AD3d 229, 230 [1st Dept 2004]): “An insurer is entitled to a presumption that a [request] was received when the proof exhibits an office practice and procedure . . . which shows that the [request has] *17 been duly addressed and mailed.” (Emphasis added and internal quotation marks omitted.) In that case, “Liberty Mutual did present the testimony of an employee who possessed personal knowledge of the office mailing practice, including how the mail was picked up and counted, and how the names and addresses on each item were confirmed.” (Id.)
Clearly Ms. Piccolo, who placed her letters in a bin slot within her own particular department, did not know whether such letters were put in a postal box that day. Nor did she have personal knowledge regarding even the basic mailing practice and procedure of her company. In Westchester Med. Ctr. v Countrywide Ins. Co. (45 AD3d 676 [2d Dept 2007]), defendant contended that a claim for payment was premature because plaintiff failed to respond to its verification requests. However, the Court, in holding that the statements by a supervisor employed in defendant’s claims department were insufficient, noted that she “had no personal knowledge that the verification requests were actually mailed on the dates they were issued.” (Id. at 676.) The Court further stated that “her conclusory allegations regarding the defendant’s office practice and procedure failed to establish that [it] was designed to ensure that the verification requests were . . . properly mailed.” (Id. at 676-677; accord Modern Psychiatric Servs. P.C. v Progressive Ins. Co., 10 Misc 3d 145[A], 2006 NY Slip Op 50143[U] [App Term, 2d Dept 2006]; Careplus Med. Supply Inc. v Travelers Home & Mar. Ins. Co., 7 Misc 3d 133[A], 2005 NY Slip Op 50648[U] [App Term, 2d Dept 2005].)
Accordingly, the judgment in favor of plaintiff should not be disturbed.
McKeon, EJ., and Shulman, J., concur; Schoenfeld, J., dissents in a separate opinion.