██ PROGRESSIVE CASUALTY INSURANCE COMPANY et al., Respondents, v INFINITE ORTHO PRODUCTS, INC., Appellant. [7 NYS3d 429]—

In an action for a judgment declaring that the plaintiffs are not obligated to provide insurance coverage for any of the no-fault claims submitted to it by the defendant, the defendant appeals from an order of the Supreme Court, Nassau County (Marber, J.), entered May 8, 2013, which granted the plaintiffs' motion for summary judgment on the complaint.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the complaint is denied.

The defendant allegedly provides durable medical equipment (hereinafter DME) and supplies to persons who are involved in motor vehicle accidents in New York State. The defendant, upon the assignment by the injured persons of no-fault insurance benefits, submitted bills to the plaintiffs seeking reimbursement for the DME provided to the injured persons. State regulation 11 NYCRR 65-1.1 and the applicable insurance policies provided that, for each of the claims submitted by the defendant for reimbursement, upon the plaintiffs' request, the eligible insured person or that person's assignee or representative shall: (1) execute, under oath, written proof of the claim, and (2), as may reasonably be required, submit to examinations under oath (hereinafter EUOs) by any person named by the plaintiffs.

The plaintiffs launched an investigation into the defendant's billing practices in an attempt to verify the documented cost of the DME. The plaintiffs alleged that their investigation could not confirm the defendant's existence at the claimed location provided on its billing statements. Furthermore, the plaintiffs alleged that the defendant routinely billed under miscellaneous codes for DME despite the fact that all such DME items had legitimate codes that should have been utilized for billing purposes, and that the defendant failed to submit any wholesale supply invoices or any documentation identifying the wholesale company it utilized so as to substantiate its documented costs.

In order to investigate these issues, the plaintiffs requested that the defendant submit to EUOs and advised that compliance was a condition precedent to coverage. They also made verification requests for purchase receipts, cancelled checks, wholesale invoices, information regarding the name, model,

manufacture, serial number, and age of the DME, and the physician referral for the DME. The plaintiffs alleged that none of the information requested for purposes of claim verification was received, and the defendant did not appear for the scheduled EUOs. As a result, the plaintiffs issued denials of the defendant's claims on the ground that the defendant violated policy conditions, i.e., the defendant failed to provide the requested information and to appear for the EUOs.

The plaintiffs commenced this action for a judgment declaring that they are not obligated to provide insurance coverage for any of the no-fault claims submitted to it by the defendant on the ground that the defendant failed to comply with conditions precedent to reimbursement under the no-fault laws and regulations and insurance laws of this state. After the defendant interposed its answer, the plaintiffs successfully moved for summary judgment on the complaint declaring that they are not obligated to provide insurance coverage for any of the defendant's claims.

The defendant contends that the plaintiffs failed to establish, prima facie, that the denials of claims were timely and properly mailed to it. Generally, "proof that an item was properly mailed gives rise to a rebuttable presumption that the item was received by the addressee" (*Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co.*, 114 AD3d 33, 46 [2013] [internal quotation marks omitted]; *see Matter of Rodriguez v Wing*, 251 AD2d 335, 336 [1998]). " 'The presumption may be created by either proof of actual mailing or proof of a standard office practice or procedure designed to ensure that items are properly addressed and mailed' " (*New York & Presbyt. Hosp. v Allstate Ins. Co.*, 29 AD3d 547, 547 [2006], quoting *Residential Holding Corp. v Scottsdale Ins. Co.*, 286 AD2d 679, 680 [2001]). However, in order for the presumption to arise, office practice must be geared so as to ensure the likelihood that a denial of claim is always properly addressed and mailed (*see Nassau Ins. Co. v Murray*, 46 NY2d 828, 830 [1978]). "Denial of receipt by the insured[ ], standing alone, is insufficient to rebut the presumption" (*id.* at 829-830).

Here, the plaintiffs failed to establish, prima facie, that they timely and properly mailed the denial of claim forms to the defendant. The affidavit of Joseph M. Andre, the Medical Claims Representative assigned to this matter, asserted that for denials mailed after August 17, 2010, as is relevant herein, all items were mailed through an automated system, and explained how documents were identified. However, Andre did not state, in his affidavit, how the envelopes were addressed so

as to ensure that the address was correct or whether the envelope was addressed by the automated system or by an employee. He also did not state how and when the envelopes, once sealed, weighed, and affixed with postage using the automated system, were transferred to the care and custody of the United States Postal Service or some other carrier or messenger service to be delivered. Therefore, Andre's affidavit was insufficient to establish, as a matter of law, that the denial of claim forms were timely and properly mailed to the defendant (*see Westchester Med. Ctr. v Countrywide Ins. Co.*, 45 AD3d 676, 676-677 [2007]; *Matter of Government Empls. Ins. Co. [Hartford Ins. Co.]*, 112 AD2d 226, 228 [1985]; *cf. Hospital for Joint Diseases v Nationwide Mut. Ins. Co.*, 284 AD2d 374 [2001]). Since the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law on the issue of their timely and proper denial of coverage, summary judgment should have been denied regardless of the sufficiency of the defendant's opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co.*, 35 AD3d 720, 721 [2006]). Accordingly, the Supreme Court erred in granting the plaintiffs' motion for summary judgment on the complaint declaring that they are not obligated to provide insurance coverage for any of the defendant's claims.

In light of our determination, the defendant's remaining contentions have been rendered academic. Mastro, J.P., Chambers, Austin and Miller, JJ., concur.