Nationwide Affinity Ins. Co. of Am. v Jamaica Wellness Med., P.C. (2018 NY Slip Op 07850)





Nationwide Affinity Ins. Co. of Am. v Jamaica Wellness Med., P.C.


2018 NY Slip Op 07850


Decided on November 16, 2018


Appellate Division, Fourth Department


Peradotto, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, CURRAN, AND WINSLOW, JJ.


925 CA 18-00555

[*1]NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA, NATIONWIDE GENERAL INSURANCE COMPANY, NATIONWIDE INSURANCE COMPANY OF AMERICA, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, NATIONWIDE MUTUAL INSURANCE COMPANY, NATIONWIDE ASSURANCE COMPANY, NATIONWIDE PROPERTY AND CASUALTY, TITAN INDEMNITY COMPANY, VICTORIA FIRE AND CASUALTY COMPANY AND VICTORIA AUTOMOBILE INSURANCE COMPANY, PLAINTIFFS-RESPONDENTS,
v
JAMAICA WELLNESS MEDICAL, P.C., DEFENDANT-APPELLANT. 






KOPELEVICH & FELDSHEROVA, P.C., BROOKLYN (MIKHAIL KOPELEVICH OF COUNSEL), FOR DEFENDANT-APPELLANT. 
HOLLANDER LEGAL GROUP, P.C., MELVILLE (ALLAN HOLLANDER OF COUNSEL), AND HARRIS J. ZAKARIN, P.C., FOR PLAINTIFFS-RESPONDENTS. 


Peradotto, J.
 Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered June 7, 2017. The judgment, insofar as appealed from, granted plaintiffs' motion for summary judgment and entered declarations in favor of plaintiffs. 
It is hereby ORDERED that the judgment insofar as appealed from is unanimously reversed on the law without costs, the motion is denied, and the declarations are vacated.
Opinion by Peradotto, J.:
In this appeal, we must determine whether an insurer in a no-fault benefits case may be precluded from asserting a defense premised upon the failure of the insured or that person's assignee to appear at an examination under oath (EUO) where the insurer has not timely denied coverage. We hold that such a defense is subject to preclusion.
I.
Defendant is a medical professional corporation that was assigned claims for no-fault benefits by individuals who purportedly received treatment for injuries allegedly sustained in motor vehicle accidents. Defendant submitted bills for the services it purportedly rendered, along with the assignment of benefit forms, to the insurance carrier plaintiffs (hereafter, Nationwide) seeking reimbursement pursuant to the no-fault law and regulations (see Insurance Law art 51; 11 NYCRR part 65). As part of an investigation of the validity of the claims, Nationwide sought additional information and requested that defendant submit to EUOs. Despite Nationwide's repeated requests, defendant failed to appear at any of the scheduled EUOs.
Thereafter, Nationwide commenced this declaratory judgment action alleging that, by failing to appear for properly scheduled and noticed EUOs, defendant "breached a material condition precedent to coverage" under the insurance policies and no-fault regulations. Nationwide moved for summary judgment declaring that, as a result of such breach, it was under no obligation to pay or reimburse any of the subject claims, and defendant cross-moved for, inter [*2]alia, summary judgment dismissing the complaint.
Supreme Court subsequently granted the motion, and denied the cross motion. The court declared, among other things, that defendant breached a condition precedent to coverage by failing to appear at the scheduled EUOs and determined that Nationwide therefore had the right to deny all claims retroactively to the date of loss, regardless of whether it had issued timely denials.
As limited by its brief on appeal, defendant contends that the court erred in granting the motion because, in pertinent part, an insurer is precluded from asserting a litigation defense premised upon nonappearance at an EUO in the absence of a timely denial of coverage and that Nationwide failed to meet its burden of establishing that it issued timely denials. We agree with defendant for the reasons that follow.
II.
"The Comprehensive Motor Vehicle Insurance Reparations Act, commonly referred to as the No-Fault Law' (see Insurance Law art 51) is aimed at ensuring prompt compensation for losses incurred by accident victims without regard to fault or negligence, to reduce the burden on the courts and to provide substantial premium savings to New York motorists' " (Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 504-505 [2015]). As relevant here, "[w]here an insurer fails to pay or deny a [no-fault] claim within the requisite 30 days under the statute and regulations following its receipt of the proof of claim, the insurer is subject to substantial consequences, namely, preclusion from asserting a defense against payment of the claim" (id. at 506 [internal quotation marks omitted]; see Fair Price Med. Supply Corp. v Travelers Indem. Co., 10 NY3d 556, 562-563 [2008]; Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d 312, 317-318 [2007]; Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 282 [1997], rearg denied 90 NY2d 937 [1997]). Although the preclusion remedy "may require an insurer to pay a no-fault claim it might not have had to honor if it had timely denied the claim," the Court of Appeals has "emphasized that the great convenience of prompt uncontested, first-party insurance benefits' is part of the price paid to eliminate common-law contested lawsuits' " (Viviane Etienne Med. Care, P.C., 25 NY3d at 506; see Fair Price Med. Supply Corp., 10 NY3d at 565; Presbyterian Hosp. in City of N.Y., 90 NY2d at 285).
The sole exception to the preclusion remedy "arises where an insurer raises lack of coverage as a defense" (Viviane Etienne Med. Care, P.C., 25 NY3d at 506). "In such cases, an insurer who fails to issue a timely disclaimer is not prohibited from later raising th[at] defense because the insurance policy does not contemplate coverage in the first instance, and requiring payment of a claim upon failure to timely disclaim would create coverage where it never existed' " (Hospital for Joint Diseases, 9 NY3d at 318). The Court of Appeals has characterized the no-coverage exception to the preclusion remedy as an "exceptional exemption" of "narrow[ ] . . . sweep" (Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199 [1997]; see Fair Price Med. Supply Corp., 10 NY3d at 563-564; Hospital for Joint Diseases, 9 NY3d at 318). In determining whether a specific defense is subject to the preclusion remedy or falls under the no-coverage exception, a court must answer the following question: "Is the defense more like a normal' exception from coverage (e.g., a policy exclusion), or a lack of coverage in the first instance (i.e., a defense implicat[ing] a coverage matter')?" (Fair Price Med. Supply Corp., 10 NY3d at 565).
III.
The specific defense at issue here, based on nonappearance
at EUOs, originates from the mandatory personal injury protection endorsement included as part of all automobile insurance policies (see 11 NYCRR 65-1.1 [b] [1]), which provides that "[n]o action shall lie against the [insurer] unless, as a condition precedent thereto, there shall have been full compliance with the terms of this coverage" (11 NYCRR 65-1.1 [d]). Those terms include providing written notice of the accident to the insurer, as well as written proof of claim for health service expenses (see id.). With respect to proof of claim, the endorsement states that, upon request by the insurer, the insured or that person's assignee must, among other things, submit to EUOs as may be reasonably required (see id.; see also 11 NYCRR 65-3.5 [e]).
We conclude that a defense premised upon nonappearance at an EUO is "more like a normal' exception from coverage (e.g., a policy exclusion)" than one involving "a lack of coverage in the first instance (i.e., a defense implicat[ing] a coverage matter')" (Fair Price Med. Supply Corp., 10 NY3d at 565; see also Hospital for Joint Diseases, 9 NY3d at 319-320; Presbyterian Hosp. in City of N.Y., 90 NY2d at 281-286; see generally Central Gen. Hosp., 90 NY2d at 199). Unlike defenses where preclusion thereof would result in coverage where it never existed, such as those premised upon the lack of a contract with the person claiming coverage or for the vehicle involved in the accident, the termination of the contract prior to the accident, or the cause of the purported injuries being something other than a vehicular accident (see Hospital for Joint Diseases, 9 NY3d at 319; Central Gen. Hosp., 90 NY2d at 200; Zappone v Home Ins. Co., 55 NY2d 131, 136-138 [1982]), the EUO nonappearance defense allows the insurer to avoid liability for the payment of no-fault benefits where the insured or assignee has breached a condition in an existing policy providing coverage (see IDS Prop. Cas. Ins. Co. v Stracar Med. Servs., P.C., 116 AD3d 1005, 1007 [2d Dept 2014]). In other words, " coverage legitimately . . . exist[s]' " where there is a valid, unexpired policy under which a covered person seeks recovery following "an actual accident" involving a covered vehicle that results in the person sustaining "actual injuries" (Fair Price Med. Supply Corp., 10 NY3d at 565). In that event, the insured or assignee must meet certain obligations to the insurer to receive payment, including submitting to reasonably requested EUOs, and the insurer must meet certain obligations to the insured or assignee, including making timely payment of benefits that are supported by the requisite proof (see Insurance Law § 5106 [a]; 11 NYCRR 65-1.1 [d]). Thus, coverage under the policy exists in the first instance, but the failure of the insured or assignee to comply with the provision requiring submission to reasonably requested EUOs allows the insurer to deny payment of a claim based on such a material breach of the policy and thus relieves the insurer of liability for the payment of policy proceeds (see 11 NYCRR 65-1.1 [d]; Interboro Ins. Co. v Clennon, 113 AD3d 596, 597 [2d Dept 2014]; Westchester Med. Ctr. v Lincoln Gen. Ins. Co., 60 AD3d 1045, 1046-1047 [2d Dept 2009], lv denied 13 NY3d 714 [2009]).
Nationwide nonetheless contends that the court properly relied upon First Department precedent holding that the failure to appear at a duly requested EUO constitutes "a breach of a condition precedent to coverage under the no-fault policy, and therefore fits squarely within the [no-coverage] exception to the preclusion [remedy]" (Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC, 82 AD3d 559, 560 [1st Dept 2011], lv denied 17 NY3d 705 [2011] [emphasis added]; see Mapfre Ins. Co. of N.Y. v Manoo, 140 AD3d 468, 470 [1st Dept 2016]; Hertz Corp. v Active Care Med. Supply Corp., 124 AD3d 411, 411 [1st Dept 2015]; Allstate Ins. Co. v Pierre, 123 AD3d 618, 618 [1st Dept 2014]). We disagree. "Most conditions precedent describe acts or events which must occur before a party is obliged to perform a promise made pursuant to an existing contract, [which is] a situation to be distinguished conceptually from a condition precedent to the formation or existence of the contract itself . . . In the latter situation, no contract arises unless and until the condition occurs' " (Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., 86 NY2d 685, 690 [1995]). Contrary to the determination of the First Department, we conclude that the requirement that an insured or assignee submit to an EUO is not a condition precedent to the existence of coverage itself; rather, submission to a reasonably requested EUO represents an event that "must occur before [the insurer] is obliged to perform a promise made pursuant to an existing [policy]," i.e., rendering payment of benefits (id.; see 11 NYCRR 65-1.1 [d]). In sum, the failure to appear at a reasonably requested EUO constitutes a breach of an existing policy condition, which is distinguishable from lack of coverage in the first instance (see generally Fair Price Med. Supply Corp., 10 NY3d at 565; Central Gen. Hosp., 90 NY2d at 199).
We further agree with defendant that, contrary to the court's determination and Nationwide's contention, our holding in Interboro Ins. Co. v Tahir (129 AD3d 1687 [4th Dept 2015]) is not controlling. The no-coverage exception to the preclusion remedy was not at issue and the insurer disclaimed coverage in that case; thus, it is factually distinguishable and legally unpersuasive inasmuch as the broad language regarding vitiation of the contract for failure to comply with a condition precedent was not central to the holding and did not account for the conceptual differences between types of conditions precedent (see id. at 1688).
IV.
We agree with defendant that, inasmuch as the defense based on nonappearance at an [*3]EUO is subject to the preclusion remedy, Nationwide was required to establish that it issued timely denials on that ground, and that Nationwide failed to meet its initial burden on the motion. The assertions in the affidavit of Nationwide's claims specialist that Nationwide issued timely denial forms to defendant for nonappearance at the EUOs are conclusory and unsupported by any such denial forms; therefore, Nationwide did not establish as a matter of law that it issued timely and proper denials. Inasmuch as Nationwide "failed to establish [its] prima facie entitlement to judgment as a matter of law on the issue of [its] timely and proper denial of coverage, summary judgment should have been denied regardless of the sufficiency of . . . defendant's opposition" (Progressive Cas. Ins. Co. v Infinite Ortho Prods., Inc., 127 AD3d 1050, 1052 [2d Dept 2015]).
V.
Accordingly, we conclude that the judgment insofar as appealed from should be reversed, the motion should be denied, and the declarations should be vacated.
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court