Big Apple Delivery Supply Corp. v Plymouth Rock Assur. Corp. of N.Y.

2026 NY Slip Op 50795(U)

May 15, 2026

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Insurance—No-Fault Automobile Insurance--Denial of Claim--Timely and Proper Mailing

Big Apple Delivery Supply Corp., as Assignee of Amadou Ndiaye, Appellant,

v

Plymouth Rock Assurance Corporation of New York, Respondent.

Supreme Court, Appellate Term, Second Department, 2d, 11th And 13th Judicial Districts

Decided on May 15, 2026

2025-528 RI C

Present: : Wavny Toussaint, P.J., ChereÉ A. Buggs, Joanne D. QuiÑOnes, JJ

Kopelevich & Feldsherova, P.C. (Galina Feldsherova of counsel), for appellant.
Nicolini, Paradise, Ferretti & Sabella (Sam M. Rizzitelli, III of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Richmond County (Michael J. Pinto, J.), dated March 11, 2025. The order granted the branch of defendant's motion seeking summary judgment dismissing the complaint on the ground that the equipment provided by plaintiff was not medically necessary.

[*1]

ORDERED that the order is reversed, with $30 costs, the branch of defendant's motion seeking summary judgment dismissing the complaint on the ground that the equipment provided by plaintiff was not medically necessary is denied, and the matter is remitted to the Civil Court for a determination of the remaining branch of defendant's motion.

In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the grounds that the equipment provided by plaintiff to its assignor was not medically necessary and that the policy limits had been exhausted. By order dated March 11, 2025, the Civil Court (Michael J. Pinto, J.) granted the branch of defendant's motion seeking summary judgment on the ground of lack of medical necessity, without reaching the other ground for dismissal. On appeal, plaintiff argues that defendant failed to establish timely and proper mailing of the denial of claim form.

Upon a review of the record, we find that defendant failed to establish that the denial had been properly and timely mailed. In describing defendant's standard office mailing practices and procedures, defendant's litigation specialist did not set forth, among other required details, how proper postage is affixed, or how and when envelopes are delivered to the care and custody of the United States Postal Service or other carrier (see Progressive Cas. Ins. Co. v Infinite Ortho Prods., Inc., 127 AD3d 1050 [2015]; St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]; Contemporary Acupuncture, P.C. v Allstate Ins. Co., 51 Misc 3d 132[A], 2016 NY Slip Op 50464[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). Thus, [*2]defendant failed to establish that it is not precluded from raising its defense of lack of medical necessity. Consequently, the branch of defendant's motion seeking summary judgment dismissing the complaint on the ground of lack of medical necessity should have been denied.

As the failure to issue a denial of the claim within 30 days does not preclude a defense "that the coverage limits of the subject policy have been exhausted" (New York & Presbyt. Hosp. v Allstate Ins. Co., 12 AD3d 579, 580 [2004] [internal quotation marks omitted]), we remit the matter to the Civil Court for a determination of the remaining branch of defendant's summary judgment motion.

Accordingly, the order is reversed, the branch of defendant's motion seeking summary judgment dismissing the complaint on the ground that the equipment provided by plaintiff was not medically necessary is denied, and the matter is remitted to the Civil Court for a determination of the remaining branch of defendant's motion.

TOUSSAINT, P.J., BUGGS and QUIÑONES, JJ., concur.

ENTER:

Jennifer Chan

Chief Clerk

Decision Date: May 15, 2026